UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Patrick K. Donnelly, 8 Church Street, Charleston, South Carolina, 29401, | CA: 2:20-cv-4110-JD |
| Plaintiff, | |
| v. | ORDER |
| ProPharma Group Topco, LLC, | |
| Defendants. | |

This matter comes before the Court on several motions by ProPharma Group Topco, LLC ("ProPharma" or "Defendant"). ProPharma filed a motion to redact portions of Plaintiff Patrick K. Donnelly's ("Donnelly" or "Plaintiff") Complaint and to seal the three accompanying exhibits ("Exhibits") (DE 1-1 through 1-3). (DE 12.) ProPharma also moves to transfer venue to the United States District Court for the District of Delaware, pursuant to 28 U.S.C. § 1404(a) to enforce a forum selection clause because ProPharma alleges the parties agreed to resolve disputes in the Courts of Delaware. (DE 24.)   In conjunction therewith, ProPharma seeks to seal Exhibit Nos.1, 2, 3, and 5 of its concurrently-filed Motion to Transfer Venue. (DE 26.) Lastly, ProPharma moves this Court for an order staying all deadlines in this case pending resolution of ProPharma's Motion to Transfer Venue. (DE 25.) Donnelly does not oppose ProPharma's motion to stay, which is hereby granted. However, Donnelly does oppose ProPharma's motion to transfer and motions to seal and redact.

The parties have filed responses and replies to theses motions. For the reasons set forth herein, ProPharma's Motion to Transfer Venue (DE 24) is granted. Given this Court is transferring the case, it declines to rule on ProPharma's motions to seal (DE 12 and 26).

1

## BACKGROUND

This case arises out of a contract dispute over nonpayment of base compensation and payments as outlined in an Equity Participation Plan granting incentive equity units ("Incentive Equity Units"). Donnelly, who is a citizen and current resident of Charleston, South Carolina, has worked in the medical device and pharmaceutical development field for 30 years. ProPharma, a Delaware Limited Liability Company, provides regulatory, medical information, pharmacovigilance, and compliance consulting services to customers in the pharmaceutical, biotechnology, and medical device industries. (DE 1, ¶ 2.) ProPharma's principal office is located at 8717 West 110th Street, Suite 300, Overland Park, Kansas. ProPharma's corporate structure, management, and compensation plans are governed by the September 30, 2016 ProPharma Amended and Restated Limited Liability Agreement ("LLC Agreement"). As authorized in the LLC Agreement, ProPharma extended an offer of employment to Donnelly to serve on its Board of Directors ("Board") beginning September 30, 2016, for a term of five years, subject to renewal by majority vote by the Board. In addition, the offer *inter alia* consisted of two financial components, 1) the base compensation, to be paid on a quarterly basis and, 2) an Equity Participation Plan granting incentive equity units ("Incentive Equity Units"), governed by the ProPharma Incentive Equity Agreement ("Equity Agreement" or "IEA"). (DE 1-1.) However, the LLC Agreement further provided that:

> In connection with any approved issuance to any Eligible Service Provider of Management Incentive Units hereunder, such Eligible Service Provider shall execute a counterpart to the Agreement, or otherwise be deemed to have become a party to this Agreement by executing a Management Incentive Unit Agreement, accepting and agreeing to be bound by all terms and conditions hereof, and shall enter into such other documents and instruments to effect such purchase (including, without limitation, a Management Incentive Unit Agreement) as are required by the Board.

(DE 24-1, p. 4.) The parties signed an Equity Agreement on or about September 30, 2016 (DE 1, ¶ 32), and on October 31, 2016, Donnelly signed an Offer to Join the Board of Directors letter ("Offer"). Moreover, Donnelly signed LLC Agreement Joinder as an exhibit to the Equity Agreement stating:

> By executing and delivering to the Company this Joinder, the undersigned hereby agrees to become a party thereto, and shall accept and be subject to, and comply with the terms, conditions and provisions of the LLC Agreement as a "Member" and a holder of "Units" thereunder, and shall be entitled to the rights and benefits and subject to the duties and obligations of a Member and a holder of such Units thereunder in the same manner as if the undersigned was an original signatory to the LLC Agreement.

(DE 24-1, p. 6.) The LLC Agreement provides that "any dispute relating hereto shall be heard in the state or (sic) federal courts of Delaware, and the parties agree to jurisdiction and venue therein." (DE 24-1, p. 10.) This dispute arises out of ProPharma's termination of Donnelly from the Board on August 31, 2019, and at the time of his termination, only a small percentage of Donnelly's Incentive Equity Units had vested. Further, the remaining performance units would only vest upon the sale of the company, which occurred in September 2020. (DE 24-1, pp. 1-2.) Donnelly contends ProPharma failed to pay his due compensation for his earned base compensation and Incentive Equity Units. (DE 1, ¶ 41.) Donnelly further contends he remained on the Board until the sale of the company on September 30, 2020. (DE 1, ¶ 44.) Donnelly filed suit on November 25, 2020, alleging five causes of actions against ProPharma, which include claims involving the value of the company, his compensation under the IEA, and other claims against ProPharma.

## **LEGAL STANDARD**

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

Id. "The appropriate venue of an action is a procedural matter that is governed by federal rule and statutes." Albemarle Corp. v. AstraZeneca UK Ltd., 628 F.3d 643, 651 (4th Cir. 2010) (citing Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1391; 28 U.S.C. § 1406(a)). "Whether a case should be transferred to an alternative venue rests within the sound discretion of the district court." Sw. Equip., Inc. v. Stoner & Co., Inc., C/A No. 6:10-1765-HMH, 2010 U.S. Dist. LEXIS 116254, 2010 WL 4484012, at *2 (D.S.C. Nov. 1, 2010) (citing In re Ralston Purina Co., 726 F.2d 1002, 1005 (4th Cir. 1984)).

"In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a forum non conveniens motion) must evaluate both the convenience of the parties and various public-interest considerations." Atl. Marine Constr. Co. v. U.S. Dist. Ct. W.D. Tex., 571 U.S. 49, 134 S. Ct. 568, 581, 187 L. Ed. 2d 487 (2013). However, "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." Id. "[A] valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum[,]'" should be "'given controlling weight in all but the most exceptional cases.'" Id. (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 31 & 33, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988)).

A court conducts a two-part analysis in deciding whether to enforce a forum selection clause. First, the court determines whether the forum-selection clause is valid and enforceable. Atl. Marine, 134 S. Ct. at 581. A forum-selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972). A forum-selection clause may be considered unreasonable if "(1) [its] formation was induced by fraud or over-reaching; (2) the complaining party 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected

4

forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4)[its] enforcement would contravene a strong public policy of the forum state." Albemarle Corp., 628 F.3d at 651 (quoting Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996)).

Second, the court must consider whether "extraordinary circumstances" would hinder the enforcement of the forum-selection clause. Atl. Marine, 134 S. Ct. at 581. In considering whether extraordinary circumstances are present to avoid enforcement of a valid forum selection clause, a court may consider "arguments about public-interest factors only." Id. at 581-82.

## DISCUSSION

Plaintiff contends a transfer to the District of Delaware is not proper or warranted because the forum selection clause does not apply to Donnelly's claims and/or the clause is not mandatory. Nevertheless, in this case, the Court finds the forum selection clause is valid and enforceable; therefore, it does apply to Donnelly. Donnelly's suit *inter alia* arises out of his relationship, rights, and compensation as a member of the Board for ProPharma. As predicate to Donnelly's claims is the validity and timing of his termination by ProPharma, which is governed by the LLC Agreement. (DE 24-2.) The LLC Agreement provides for the removal of Board members. Moreover, the LLC Agreement authorizes and imposes the terms and conditions for the IEA and Donnelly's Offer, which initiated his service on the Board. Consistent therewith, the IEA provides in Section 3.9, that "[p]articipant acknowledges and agrees that the Management Incentive Units issued and acquired hereunder shall also be governed by, and have the terms, conditions, rights and obligations contained in, the LLC Agreement, to which Participant acknowledges and agrees he or she is a party." (DE 24-1, p 5.) Further, Donnelly signed the LLC Agreement Joinder which equally bound him to the terms and conditions of the LLC Agreement. The forum selection clause

states "any dispute relating hereto shall be heard in the state or (sic) federal courts of Delaware . . . ." (DE 24-2.)

Although the "any dispute relating thereto" language is broad, reviewing the agreements entered by the parties, this Court finds that the IEA is incidental to the LLC Agreement; therefore, the forum selection clause applies to this case. See Martin v. Ball, 326 F. App'x 191, 194 (4th Cir. 2009) (citing Sucampo Pharms., Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 550 (4th Cir. 2006)) ("In analyzing the applicability of forum selection clauses, [the court] use[s] general principles of contract interpretation.") Here, the parties agreed that Board members, to include Donnelly, would be subject to the provisions of the LLC Agreement by virtue of the LLC Agreement Joinder, and the IEA's provisions cannot be interpreted without considering and/or construing the operative provisions in the LLC Agreement regarding, among other things, Board membership, the value of Management Incentive Units, and the sale of the company.

Further, this Court is not persuaded by Donnelly's argument that he never read the LLC Agreement as a basis to nullify the forum selection clause. The IEA references the LLC Agreement more than a dozen times. Donnelly's failure to read the documents referenced in the IEA that conditioned his compensation and that governed the company which he served on the Board is unavailing given his signature on the IEA and LLC Joinder Agreement. See Sydnor v. Conseco Fin. Servicing Corp., 252 F.3d 302, 306 (4th Cir. 2001) ("[A] party signing a written contract has a duty 'to inform himself of its contents before executing it, . . . and in the absence of fraud or overreaching he will not be allowed to impeach the effect of the instrument by showing that he was ignorant of its contents or failed to read it.'") Accordingly, since Donnelly's suit arises out of claims he has as a Board member and the Board is governed by the LLC Agreement, the

forum selection clause is valid and enforceable against Donnelly regarding the claims in his lawsuit.

Equally, Donnelly has not demonstrated that enforcement of the forum selection clause would be unreasonable. There is nothing in the record to indicate that the forum selection clause was induced by fraud or that it is over-reaching. Second, the Court is constrained by Atlantic Marine to accord no weight to Donnelly's choice of forum in the District of South Carolina and "not consider the parties' private interests [i.e., convenience, litigation costs, location of witnesses] where, as here, the parties already have bargained for them in a forum selection clause." Lunn v. Flower, 2016 U.S. Dist. LEXIS 127733, *15, 2016 WL 5073928; see also Atl. Marine Constr. Co. v. U.S. Dist. Ct. W.D. Tex., 571 U.S. 49 (2013). Moreover, the IEA and LLC Agreement are both governed by the substantive laws of Delaware; therefore, this Court would have to consider Delaware laws even if the Court did not transfer the case. Finally, enforcement of the forum selection clause would not contravene the public policy of South Carolina because, as noted in Albemarle, South Carolina courts and federal courts sitting in South Carolina have enforced forum-selection clauses in contracts and, therefore, no such strong public policy exists. Albemarle, 628 F.3d at 652.

## CONCLUSION

For the foregoing reasons, it is Ordered that ProPharma's Motion to Transfer Venue (DE 24) and Motion to Stay (DE 25) are granted. However, the Court declines to rule on ProPharma's Motions to Seal (DE 12 and 26) because it is transferring the case to the United States District Court for the District of Delaware to resolve all matters related to this case.

**AND IT IS SO ORDERED.**

_____
Joseph Dawson, III
United States District Judge

June 22, 2021
Greenville, South Carolina

8