## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PATRICK K. DONNELLY
8 Church Street
Charleston, South Carolina 29401,

       *Plaintiff,*

v.

PROPHARMA GROUP TOPCO, LLC,

       *Defendant.*

C.A. No. 21-894-CFC

## STIPULATED PROTECTIVE ORDER

WHEREAS, Defendant ProPharma Group Topco, LLC ("ProPharma") and Plaintiff, Patrick K. Donnelly ("Mr. Donnelly") (the "Parties," each individually, a "Party"), by and through their respective counsel, HEREBY STIPULATE AND AGREE that the following procedures designed to assure the protection of confidential information not already in the public domain (the "Protective Order") shall govern any discovery in the above-captioned action (the "Action").

1.    <u>Purposes and Limitations</u>. Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate to and petition the Judge to enter the following Stipulated

Protective Order.  This Order authorizes the Parties to produce, receive, and use potentially sensitive, non-public information concerning identifiable individuals without obtaining those individuals' consent, provided such information is designated as Protected Material under this Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.      Other Proceedings. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this Order who becomes subject to a motion to disclose another Party's information designated as "Confidential," "Highly Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to this Order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

3.      Scope and Terms.  This Protective Order shall govern disclosure and use by the Parties of all documents, testimony and other materials and information produced in this Action by any Party or non-party required to give testimony and/or produce documents (a "Disclosing Party" or a "Designating Party").  As used in this

2

Protective Order, the term "Receiving Party" shall mean any Party who is the recipient of information supplied by a Disclosing Party, and the term "documents" shall mean all written material, electronically-stored images and data, videotapes and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, hard drive or otherwise). Documents or information designated as "Confidential," "Highly Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be referred to herein as "Protected Material." Attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party, as well as employees of such attorneys, are referred to herein as "Outside Counsel of Record."

4.     Protected Material.   All Protected Material to be produced by a Disclosing Party in this Action shall only be used, shown or disclosed as provided in this Protective Order. Any person or entity in possession of Protected Material as a result of the production of such materials in this Action shall maintain those materials in a secure manner, including but not limited to secure and safe electronic discovery platforms, so as to avoid disclosure of their contents to any person or entity not subject to this Protective Order. The restrictions provided in this Protective Order with respect to the handling of Protected Material shall also apply to notes, reports, documents and communications created on or after the date of execution of

3

this Protective Order, that summarize or describe Protected Material that a Party received during this Action. However, Protected Material shall not include information which: (i) is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party other than as a result of a violation of this Protective Order or any other unlawful action, (ii) was lawfully obtained by a Party on a non-confidential basis prior to being produced in the Action, or (iii) is known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

      a. <u>Confidential</u>. Any Party may designate as "Confidential" any document, material, recording, or information (including, but not limited to, documents produced in the Action, or exchanged informally for purposes of settlement, discovery responses, deposition transcripts and video recordings of depositions) which such Party reasonably believes, in good faith, to contain or disclose non-public confidential or commercially sensitive business, or financial information, credit, compliance, or personnel information, or information that identifies customers, or information that the producing Party is under a legal obligation to maintain as confidential.

b. <u>Highly Confidential</u> - A Disclosing Party may designate as "Highly Confidential" any document, material, recording, testimony or information (including, but not limited to, documents produced pursuant to the Federal Rules of Civil Procedure, or exchanged informally for purposes of settlement, discovery responses, deposition transcripts, audio and/or video recordings of depositions) which such Party reasonably believes, in good faith, to contain or disclose currently highly sensitive, non-public, confidential information, including commercially sensitive, proprietary, trade secret, research, development, technical, scientific, or other currently highly sensitive business information, the disclosure of which the Party or producing person reasonably believes will cause competitive harm.

c. <u>Highly Confidential – Attorneys' Eyes Only</u>.  A Disclosing Party may designate as "Highly Confidential – Attorneys' Eyes Only" any document, material, recording, testimony or information (including, but not limited to, documents produced pursuant to the Federal Rules of Civil Procedure, or exchanged informally for purposes of settlement, discovery responses, deposition transcripts, audio and/or video recordings of depositions) which such Party (1) reasonably believes, in good faith, to contain or disclose non-public confidential or

commercially sensitive, proprietary, trade secret, research, development, technical, scientific, or other currently highly sensitive business information, the disclosure of which the Party or producing person reasonably believes will cause competitive harm and (2) which the other Party to this Action has not been privy prior to the initiation of this Action.

5.    <u>Designation of Protected Material</u>. The designation of Protected Material shall be made at the time of disclosure by (i) in the case of documents, placing the phrase "Confidential," "Highly Confidential" or "Highly Confidential – Attorneys' Eyes Only" on each page of the document so designated; (ii) in the case of deposition testimony, as provided below; or (iii) in the case of tangible things, putting Parties on notice of any such "Confidential," "Highly Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation, including, without limitation, providing such notice in writing during production of the tangible thing. Inadvertent failure to designate Protected Material may be remedied by subsequent written notice. Effective upon the giving of any such subsequent written notice, the information, documents or testimony designated as Protected Material in the subsequent notice shall be deemed subject to this Protective Order.

6.    <u>Designation of Deposition Testimony</u>. Any Party may designate as Protected Material any portion(s) of a deposition transcript that the Designating

6

Party, in good faith, reasonably believes to contain Protected Material. The Designating Party shall advise the court reporter and counsel of any portions of a deposition to be treated as Protected Material either (i) in a writing sent to all Parties within ten (10) calendar days after the transcript becomes available; or (ii) during the deposition by statement on the record.

7.      <u>Use of Protected Material In Deposition</u>. To the extent Protected Material or information obtained from such material is used in depositions, such documents or information shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with the Protected Material.

8.      <u>Filing of Protected Material</u>. If a Party intends to include Protected Material belonging to the other Party in or attached to a filing with the Court, the portions of the filing containing the Protected Material, along with any Protected Material affixed as an exhibit thereto, will be provisionally filed under seal in accordance with the requirements of Rule 5.1.3 of the Local Rules of Civil Practice and the Court's CM/ECF procedures. A redacted version of the filing is due within 7 days of filing. The Party owning the Protected Material shall bear the burden of demonstrating that the Protected Material should remain under seal.

9.    <u>Disclosure of "Confidential" Material</u>.    Documents or information designated as "Confidential" shall only be disclosed or shown to the following persons:

    a.  the Judge and necessary Court personnel in accordance with Paragraph 12 hereof;

    b.  the Parties (including their officers, directors, employees, and agents having a direct responsibility for this Action);

    c.  the Parties' Outside Counsel of Record;

    d.  court reporters transcribing depositions or testimony in the Action;

    e.  persons shown on the face of a document as being an author, recipient, or copy recipient of the entire document, but only with respect to documents containing such persons' names and only insofar as reasonably necessary for the prosecution and defense of the Action;

    f.  witnesses or deponents in the action to whom disclosure is reasonably necessary;

    g.  experts and consultants retained by a Party in connection with the Action (including persons working under the direction or control of such experts and consultants);

    h.  outside photocopying, graphic production services, litigation support services, or investigators employed by the Parties or their counsel; and

      i.  any other person agreed to in writing by the Designating Party or upon Order of the Judge.

10.   <u>Disclosure of "Highly Confidential" Material.</u> Documents or information designated as "Highly Confidential" shall only be disclosed or shown to the following persons:

    a.  the Judge and necessary Court personnel in accordance with Paragraph 12 hereof;

    b.  a single representative from each Party;

    c.  the Parties' Outside Counsel of Record;

    d.  court reporters transcribing depositions or testimony in the Action;

    e.  persons shown on the face of a document as being an author, recipient, or copy recipient of the entire document, but only with respect to documents containing such persons' names and only insofar as reasonably necessary for the prosecution and defense of the Action;

    f.  experts and consultants retained by a Party in connection with the Action (including persons working under the direction or control of such experts and consultants);

    g.  outside photocopying, graphic production services, litigation support services, or investigators employed by the Parties or their counsel; and

9

h. any other person agreed to in writing by the Designating Party, or upon Order of the Judge.

11. <u>Disclosure of "Highly Confidential – Attorneys' Eyes Only" Material.</u> Documents or information designated as "Highly Confidential – Attorney's Eyes Only" shall only be disclosed or shown to the following persons:

a. the Judge and necessary Court personnel in accordance with Paragraph 12 hereof;

b. the Parties' Outside Counsel of Record;

c. court reporters transcribing depositions or testimony in the Action;

d. persons shown on the face of a document as being an author, recipient, or copy recipient of the entire document, but only with respect to documents containing such persons' names and only insofar as reasonably necessary for the prosecution and defense of the Action;

e. experts and consultants retained by a Party in connection with the Action (including persons working under the direction or control of such experts and consultants);

f. outside photocopying, graphic production services, litigation support services, or investigators employed by the Parties or their counsel; and

g. any other person agreed to in writing by the Designating Party, or upon Order of the Judge.

12.     <u>Disclosure of Protected Material</u>. All persons, except for the Judge and Court personnel, to whom Protected Material is disclosed shall, before that disclosure, be advised that the Protected Material is being disclosed pursuant to the terms of the Protective Order.  All persons, except for the Judge, Court personnel, Parties' attorneys of record, Parties (including their officers, directors, employees, in-house counsel and agents having a direct responsibility for this Action) and witnesses or deponents, to whom Protected Material is disclosed shall, before the disclosure, execute the Certification attached hereto as Exhibit A.

13.     <u>Unauthorized Disclosure of Protected Material</u>.  Each Party shall have the responsibility, through counsel, to advise the Designating Party of any losses or compromises of the confidentiality of material so designated within forty-eight (48) hours of discovery that Protected Material was disclosed.   It shall be the responsibility of the Party that lost or compromised the Protected Material to take reasonable measures to limit the loss or unauthorized disclosure.

14.     <u>Inadvertent Disclosure of Privileged Documents</u>.  Pursuant to Federal Rule of Evidence 502(d), the inadvertent disclosure of any document produced in this Action by any Party or person, that such Party or person later claims should have been withheld on grounds of a privilege (an "Inadvertently Produced Material"), including but not limited to the attorney-client privilege and work product doctrine, will not be deemed, in itself, to waive any privilege or work product protection either

11

as to specific information in the Inadvertently Produced Material or as to any other information relating thereto or on the same or related subject matters. The provisions of Federal Rule of Evidence 502(b) are inapplicable to Inadvertently Produced Material under this Order. A Party or person claiming privilege or other protections for an Inadvertently Produced Material may notify any Party that received the documents and state the basis for the privilege. Alternatively, in the event that a Receiving Party discovers what it believes to be Inadvertently Produced Material, the Receiving Party will promptly notify the Designating Party of what it believes to be the Inadvertently Produced Material (no Receiving Party will be found in violation of this Order for failing to initially identify an Inadvertently Produced Material). After discovering, or being notified of an Inadvertently Produced Material, any Receiving Party must not use or disclose the document in any way, for any purpose, and must take reasonable steps to retrieve the document if the Party disclosed it before being notified of or discovering the inadvertent production. In addition, within seven (7) days of discovering or being notified of Inadvertently Produced Material, any Receiving Party must return or destroy the specified document and any copies it has and the Designating Party must retain a copy of the document until the resolution or termination of this Action, including all appeals. The Receiving Party shall promptly provide written confirmation that such return or destruction of Inadvertently Produced Material has occurred. After a document is

returned or destroyed pursuant to this paragraph, any Party may move the Judge for an order compelling production of the document, but such Party may not assert as a ground for entering such an order the mere fact of inadvertent production.

15.   <u>Disputes Concerning Protected Material</u>.  The burden of proving that a document or testimony constitutes Protected Material is on the Disclosing Party. Prior to designating any material as "Confidential," "Highly Confidential" or "Highly Confidential – Attorneys' Eyes Only", the Disclosing Party shall make a bona fide determination that the material is, in fact, appropriately designated.  If a Receiving Party disagrees with the designation of any documents as "Confidential," "Highly Confidential" or "Highly Confidential – Attorneys' Eyes Only", the Receiving Party will so notify the Disclosing Party in writing, identifying the material subject to the objection and specifying in reasonable detail the reasons for the objection.  Thereafter, the Parties shall promptly meet and confer in an effort to resolve their differences.   The Parties shall work in good faith to resolve any disputes, and shall not unreasonably withhold documents from being disclosed to deposition witnesses without substantial justification for doing so.   If the disagreement cannot be resolved, the objecting Party may file a motion with the Judge for relief from designation of the material as Protected Material.  The Party who designated the Protected Material shall have the burden of showing, in such motion, that the material being objected to was appropriately designated as Protected

Material.  The material subject to the objection shall be maintained as Protected Material until such time as the objecting Party's motion for relief has been ruled on.

16.   <u>Subpoena of Protected Material</u>.  If at any time any Protected Material is subpoenaed by any person or entity purporting to have authority to require the production thereof, the person to whom the subpoena is directed shall promptly give written notice, and include a copy of the subpoena or request, to all Parties and, if applicable, to the Disclosing Party.  The person to whom the subpoena is directed shall make all reasonable good faith efforts to provide the Disclosing Party a reasonable period of time in which to seek to quash the subpoena, or to move for any protection of the Protected Material, before the person to whom the subpoena is directed takes any Action to comply with the subpoena.

17.   <u>Binding Effect of Protective Order</u>.  Upon the Judge's approval, this Protective Order shall be binding upon the Parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.  After termination of this Action, the provisions of this Protective Order shall continue to be binding.  This Judge retains and shall have jurisdiction over the Parties and recipients of the Protected Material for enforcement of the provisions of this Protective Order following termination of this Action.

14

18.   <u>Modification of Protective Order</u>.  This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by order of the Judge.  If any provision of this Protective Order is held invalid for any reason, the remaining provisions shall not be affected.  Any Party may apply to the Judge for further or additional protective orders or for the modification of this Protective Order.

19.   <u>Return of Protected Material</u>.  Within ninety (90) days after entry of a final order or judgment terminating the Action, including all related proceedings and appeals, Protected Material in a Party's possession, including all paper and electronic copies thereof (except for Protected Material designated by that Party) shall either be destroyed or returned to the person or entity who originally produced or provided the Protected Material.  The provisions of this paragraph shall not apply to pleadings, motions, briefs, affidavits, attorney notes, transcripts, correspondence, awards and orders.

20.   <u>Effect of Protective Order</u>.  Nothing in this Protective Order shall: (i) be construed to affect in any way the admissibility of any document, testimony, or other evidence at any hearing in this Action; (ii) be construed to limit any Party's use or disclosure of its own documents, materials, or information designated as Protected Material; (iii) prevent or in any way limit disclosure, use, or dissemination of any information or documents that are publicly available, publicly known, or

15

available from some source other than in connection with this Action; (iv) prejudice the rights of any Party to introduce into evidence at any hearing any document, testimony, or other evidence; or (v) prejudice the right of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence.

21.   <u>Additional Parties</u>.  Any additional party joined in this Action shall be given the opportunity to be added as a Party to this stipulated Protective Order.  Any such additional party in the Action shall be deemed a Party to this stipulated Protective Order upon that additional party's execution of the same, and/or upon the Judge's approval of this Protective Order.  For the avoidance of doubt, to the extent the Judge approves and enters this stipulated Protective Order, any additional party joined in this Action shall be deemed a Party to this stipulated Protective Order regardless of whether such additional party executes the same.

Dated: October 5, 2021

*/s/ John A. Sensing*
John A. Sensing (#5232)
Jesse L. Noa (#5973)
Potter Anderson & Corroon LLP
Hercules Plaza, Sixth Floor
1313 North Market Street
P.O. Box 1150
Wilmington, DE 19801
(302) 984-6000
jsensing@potteranderson.com
jnoa@potteranderson.com

OF COUNSEL:

Nicholas D. SanFilippo
Daniel C. Masakayan
McGuireWoods LLP
1750 Tysons Boulevard
Suite 1800
Tysons, VA 22102-4215
(703) 712-5000
nsanfilippo@mcguirewoods.com
dmasakayan@mcguirewoods.com

*Attorneys for Plaintiff Patrick K.*
*Donnelly*

*/s/ Katharine L. Mowery*
Susan M. Hannigan (#5342)
Katharine L. Mowery (#5629)
Ryan D. Konstanzer (#6558)
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801
(302) 651-7700
Hannigan@rlf.com
Mowery@rlf.com
Konstanzer@rlf.com

OF COUNSEL:

Jonathan E. Missner
Robert B. Gilmore
Philip J. O'Beirne
Kevin L. Attridge
Samantha Christensen
Stein Mitchell Beato & Missner LLP
901 15th Street NW, Suite 700
Washington, D.C. 20005
(202) 737-7777
jmissner@steinmitchell.com
rgilmore@steinmitchell.com
pobeirne@steinmitchell.com
kattridge@steinmitchell.com
schristensen@steinmitchell.com

*Attorneys for Defendant ProPharma*
*Topco, LLC*

**SO ORDERED this** 5ᵗʰ **day of** _October_____, **2021.**

_____
The Honorable Colm F. Connolly

17

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PATRICK K. DONNELLY | |
| *Plaintiff,* | |
| v. | C.A. No. 21-894-CFC |
| PROPHARMA GROUP TOPCO, LLC | |
| *Defendant.* | |

## CERTIFICATION OF COMPLIANCE WITH STIPULATED PROTECTIVE ORDER

I certify my understanding that Protected Material may be provided to me pursuant to the terms and restrictions of the Stipulated Protective Order issued in the above-captioned case. I further certify that I have read the Protective Order, agree to be bound by its terms, and submit to the Judge's jurisdiction for purposes of enforcement thereof.

Signature: _____

Name:_____

Date: _____