## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PATRICK K. DONNELLY, *Plaintiff,* v. PROPHARMA GROUP TOPCO, LLC, *Defendant.* | C.A. 21-cv-00894-MAK |

### MEMORANDUM REGARDING MEDIATION
### PER THE COURT'S SEPTEMBER 8, 2022 ORDER

Plaintiff Patrick K. Donnelly ("Plaintiff" or "Mr. Donnelly"), by counsel and pursuant to this Court's order dated September 8, 2022, submits the following memorandum showing cause as to why the Court should not require the parties to mediate this matter:

### INTRODUCTION

Mr. Donnelly was formerly a member of the board of managers of ProPharma Group TopCo, LLC ("ProPharma") First Am. Compl. ¶ 128 (D.I. 59). Mr. Donnelly was also formerly an operating partner of Linden Capital Partners III, L.P. ("Linden III") and Linden Capital Partners IV, L.P. ("Linden IV") (collectively, "Linden") during the same time period of his membership on the ProPharma board of managers. Linden represents two of several funds run by Linden Capital Partners, a private equity group specializing in buying, managing, and selling healthcare companies. ProPharma was one of many healthcare companies in Linden Capital Partners' portfolios during the relevant time period in this matter. This matter is ultimately about Mr. Donnelly's improper treatment and inadequate compensation under his incentive equity agreement and board membership agreement up to and through Linden Capital Partners' sale of ProPharma.

Anthony B. Davis, one of ProPharma's designated corporate representatives for this matter, is the president and managing partner of Linden Capital Partners. Mr. Davis also served on the ProPharma board with Mr. Donnelly prior to the sale of ProPharma. Michael Farah, ProPharma's other designated corporate representative in this matter, is a partner at Linden Capital Partners and served on the ProPharma board with Mr. Donnelly before the sale of ProPharma as well.

Prior to this lawsuit, Mr. Donnelly filed a lawsuit against Linden with case number 2:20-cv-3719-RMG in the District of South Carolina on October 22, 2020. (the "Linden Case"). Before it was transferred, Mr. Donnelly also filed this lawsuit against ProPharma in the District of South Carolina on November 25, 2020.

While the parties in both cases are distinct corporate entities, in both the Linden Case and this matter, the law firms and individuals involved are substantially similar. For example, Mr. Davis and Mr. Farah were deposed in both matters and some of the same discovery has been produced in both cases. Consequently, the Linden Case has provided a roadmap as to how willing and capable the parties are in resolving this dispute and how fruitful efforts to mediate will truly be.

**CAUSE AS TO WHY MEDIATION SHOULD NOT BE REQUIRED**

On December 9, 2021, Mr. Donnelly and Linden, represented by the same attorneys[1] and same individuals involved in this case, attempted to mediate the dispute in the Linden Case and reach a global settlement inclusive of this matter. After a day of mediation, the parties were no closer to settlement and that continues to be the case to date. With the last settlement discussions

---

[1] Local counsel in each of the matters notwithstanding.

in this matter taking place on June 15, 2022, the parties remain millions of dollars apart and entrenched in their respective positions.

In the Linden Case, on June 28, 2022, the South Carolina District Court issued an opinion and order on Mr. Donnelly's and Linden's competing motions for summary judgment. The Court partially granted Linden's motion for summary judgment but found that there were still triable issues of fact relating Mr. Donnelly's claims. Mr. Donnelly and Linden are currently awaiting trial in that matter.

In this matter, the parties have already expended a great deal of resources on discovery and, until a conflict arose, were anticipating trial on November 7, 2022. Despite the impending specter of both trials quickly approaching, the parties have reached a stalemate regarding settlement negotiations.

The parties met and conferred through counsel today, September 16, 2022 at noon regarding their respective positions on mediation. Plaintiff has continually sought a global settlement offer for both the Linden Case and this matter. While Defendant expressed a willingness to attend meditation, it has not currently expressed *any* willingness to change its position regarding a settlement offer. Plaintiff remains equally steadfast on his belief of the range of fair global settlement numbers. The parties are not close. Without both parties being willing to enter mediation with an open mind, any mediation ordered by the Court would likely be an exercise in futility and a waste of the mediator's and parties' resources and time.

## **CONCLUSION**

Based on the foregoing, Plaintiff requests that the Court refrain from ordering mediation in this matter.

Dated:  September 16, 2022

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Nicholas D. SanFilippo
Keith Joseph Minson
Michael A. Brody
Daniel C. Masakayan
MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
Tysons, VA  22102-4215
(703) 712-5000 – Telephone
(703) 712-5220 – Facsimile
nsanfilippo@mcguirewoods.com
kminson@mcguirewoods.com
mbrody@mcguirewoods.com
dmasakayan@mcguirewoods.com

By: */s/ Jesse L. Noa*
John A. Sensing (#5232)
Jesse L. Noa (#5973)
Carson R. Bartlett (#6750)
1313 North Market Street
Hercules Plaza, 6th Floor
Wilmington, DE  19801
(302) 984-6000 – Telephone
(302) 658-1192 – Facsimile
jsensing@potteranderson.com
jnoa@potteranderson.com
cbartlett@potteranderson.com

*Attorneys for Plaintiff Patrick K. Donnelly*

10340375 / 21403.00001