IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PATRICK K. DONNELLY,

    *Plaintiff,*

v.                                                                C.A. 21-cv-00894-MAK

PROPHARMA GROUP TOPCO, LLC,

    *Defendant.*

**MOTION TO QUASH THIRD PARTY DEPOSITION SUBPOENAS, OR, ALTERNATIVELY, TO LIMIT SUBJECT MATTER AND LENGTH OF DEPOSITIONS TO COMPLY WITH THIS COURT'S ORDER ON DISCOVERY**

Plaintiff Patrick Donnelly ("Mr. Donnelly"), by counsel and pursuant to Rule 45(d)(3) and Del. Local Civ. R. 30.2 moves to Quash Third Party Deposition Subpoenas, Or, Alternatively, To Limit Subject Matter and Length Of Depositions ("Motion") issued to Summit Partners ("Summit") and Darren Black ("Black") ("Deposition Subpoenas") and states as follows:

Mr. Donnelly moves to quash the Deposition Subpoenas because they exceed the scope of the limited discovery authorized by the Court on September 8, 2022, are not tailored to any issues in the current litigation, and are merely backdoor attempts to litigate counterclaims that Defendant never brought. Because of their overbreadth and the irrelevance regarding certain information sought, this Court should quash the subpoenas, or, alternatively, limit the subject matter and length of Deposition Subpoenas to the narrow issue authorized by the Court.

**BACKGROUND**

On September 8, 2022, the Court authorized narrow limited discovery to "issues relating to the defense concerning Mr. Donnelly's representations as to his role with the Defendant in

communications with Summit Partners or Veranex." D.I. 107.  Given an inch, Defendant takes a mile to effectively litigate counterclaims that Defendant never plead and cannot factually allege.  On August 18, 2022, Defendant provided additional search terms based on a discovery deficiency letter.  In good faith, Mr. Donnelly performed additional searches and produced a small number of additional documents.  Initially, Defendant took the position that the additional documents were the basis for a counterclaim.  When it was clear the Court did not intend to grant Defendant leave to amend for a last-minute counterclaim, Defendant fell back on the argument that the additional correspondence was probative of Mr. Donnelly's representations regarding his board membership and, over Mr. Donnelly's objection, asked the Court to extend the discovery period generally.  The Court ruled not to extend the discovery period except for the limited purpose of seeking representations by Mr. Donnelly to Summit Partners and certain other third parties about his board membership status.

## **ARGUMENT**

While discovery is broad, discovery here is limited by the Court's Order.  *See* D.I. 107, ¶ 1.  Moreover, "it is widely accepted that a stronger showing of relevancy is required and discovery is more restricted" for third party discovery.  *Rollstock, Inc. v. SupplyOne, Inc.*, 2022 WL 1443389, at *2 (E.D. Pa. May 6, 2022); *See also In re Centrix Fin., LLC*, 2012 WL 6625920, at *5 (D.N.J. Dec. 18, 2012) ("Discovery sought via a subpoena issued pursuant to Rule 45 must fall within the scope of discovery permissible under Rule 26(b).").[1]

---

[1] If Defendant argues that Mr. Donnelly lacks standing to file this motion, Mr. Donnelly notes that "a party to an action has standing to quash or modify a non-party subpoena where the party seeking to quash or modify the subpoena claims a privilege or privacy interest in the subpoenaed information." *Schmulovich v. 1161 Rt. 9 LLC*, 2008 WL 4572537, at *4 (D.N.J. Oct. 14, 2008). Because a copy of Mr. Donnelly's private CV appears to be the basis for Defendant's fishing expedition, there is no question that Mr. Donnelly has standing to block any related discovery requests.

Defendant has propounded the Deposition Subpoenas on Summit and Black. Both Summit and Black are fellow healthcare industry participants and discussed confidential business matters with Mr. Donnelly completely unrelated to this litigation. The method that Summit and Black employ to select, research, develop, and vet potential acquisitions is extremely confidential and subject to protection as trade secrets. And Mr. Donnelly has made his objections clear on that point. *See* Plaintiff's Responses and Objections to Defendant's Third Set of Requests for Production of Documents, Exhibit A at par. 9.

The nonparties have already provided Defendant with the documents Defendants sought, and none of those documents include correspondence directly from Mr. Donnelly proclaiming that he was or was not on the ProPharma Board of Managers.[2]

Defendant nevertheless seeks free reign to ask these non-parties about a plethora of confidential business communications unrelated to the narrow scope permitted by this Court. As examples of Defendant's overreach, it seeks:

> 10. Your communications with individuals from William Blair concerning Mr. Donnelly's participation in the ProPharma sales process in light of Mr. Donnelly's status, resignation and/or removal from the ProPharma Board.;
>
> 11. Your communications with individuals from Centerview concerning Mr. Donnelly's participation in the ProPharma sales process in light of Mr. Donnelly's status, resignation and/or removal from the ProPharma Board.
>
> 12. Your communications with individuals from Veranex regarding Mr. Donnelly's participation in the ProPharma sales process in light of Mr. Donnelly's status, removal and/or resignation from the ProPharma Board.

---

[2] Summit produced a minimally relevant but arguably responsive document in the form of Mr. Donnelly's CV. *See* SUMMIT00003, Exhibit B; SUMMIT00005, Exhibit C. That document should speak for itself. No deposition testimony *from anyone* will provide any additional relevant information about a standalone piece of paper. Moreover, the chain of emails (many of which did not include Mr. Donnelly) covering the document (*See* Ex. B) reveal that the context by which the CV was attached has nothing at all to do with the narrow discovery issue authorized by the Court, which, again, is limited to *Mr. Donnelly's representations to* Summit and Veranex, not simply any information that Summit or Veranex might have about Mr. Donnelly.

3

> 13. The facts and circumstances regarding any inquiries from Linden, William Blair, or Centerview to understand Mr. Donnelly's involvement in the ProPharma sales process in light of Mr. Donnelly's status, resignation and/or removal from the ProPharma Board.[3]

How any of these topics concern what *Mr. Donnelly himself* said to Summit is a mystery. Yet Defendant seems to view the limited discovery issue as open season to investigate *any* issue concerning Mr. Donnelly, Summit, or Veranex, including many issues that bear no relevance at all to the case, much less to the limited discovery issue. The Court must step in to ensure that its Order is followed, protect Donnelly from unnecessary disclosure of confidential information irrelevant to this dispute, and to protect Summit and Black—both non-parties to the litigation—from Defendant's departure from the Court's Order.

Additionally, the Deposition Subpoenas should be quashed as they are invalid on their face. Both Summit and Black are located in Boston, Massachusetts, and it would be a violation of the Federal Rules to require them to travel hundreds of miles to Washington, D.C. for a non-party deposition on a limited issue. This Court has spoken to this issue in a recent case, explaining that a nonparty who resided in Puerto Rico did not have to travel to Delaware for a deposition. As the court explained, "[b]ecause Petitioner does not reside, is not employed, and does not regularly conduct business within 100 miles of Wilmington, Delaware, he cannot be compelled to comply with the subpoena." *Expansion Cap. Grp., LLC v. Patterson*, 2020 WL 42786, at *3 (D. Del. Jan. 3, 2020). The result should be no different here. And even if Defendant were to agree to conduct the depositions by electronic means, the subpoena must still be issued with an address for appearance within 100 miles of where the desired deponents reside, are employed, or regularly transact business in person. *See* Fed. R. Civ. P. 45(d)(3)(A).

---

[3] *See* Summit Deposition Subpoena, dated October 17, 2022 Exhibit D, at Schedule A:

The breadth of these subpoenas is simply unjustified given that the likelihood that either Summit or Black will possess information relevant to the limited discovery question is minimal. It is quite clear that Defendant seeks far more than information about what Mr. Donnelly communicated to Veranex or to Summit about his ProPharma board membership. Without any realistic limitation on the subject matter of the deposition, the parties will be left guessing as to what—if anything—Defendant might ask of them. *See Schmulovich v. 1161 Rt. 9 LLC*, 2008 WL 4572537, at *5 (D.N.J. Oct. 14, 2008) ("While the Court could certainly hypothecate about how the subpoenaed information is relevant to this case, it is not appropriate for the Court to use conjuncture to develop a theory of relevance.").

Alternatively, if the Court rejects Mr. Donnelly's request to quash the subpoenas in their entirety, Mr. Donnelly respectfully requests that the Court limit the subject matter of the depositions, such that any questions be directly tied to the limited discovery authorized by the September 8, 2022 Order. *See, e.g., Nye v. Ingersoll Rand Co.*, 2011 WL 253957, at *7 (D.N.J. Jan. 25, 2011) ("Given the limited scope of relevant information likely to be discovered by these depositions and the need to minimize the burden on the third-parties, the depositions will take place by telephone and will be strictly limited to one hour each."); *Siroky v. Allegheny Cnty.*, 2018 WL 1465759, at *8 (W.D. Pa. Mar. 26, 2018) ("The deposition must take place in this court's jury room. The deposition will be limited to two hours and may only address whether Howsie made the statements attributed to him by Ward in The Post-Gazette article at issue in this opinion.").

## CONCLUSION

For the foregoing reasons, Mr. Donnelly respectfully requests that the Court quash Defendant's Deposition Subpoenas, or, alternatively, limit the subject matter and length of such depositions so as to conform to the limited discovery issue authorized by the Court.[4]

<div style="display: flex;">

OF COUNSEL:

Nicholas D. SanFilippo
Daniel C. Masakayan
Keith J. Minson
Michael A. Brody
MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
Tysons, VA  22102
(703) 712-5000 - Telephone
(703) 712-5050 - Facsimile
nsanfilippo@mcguirewoods.com
dmasakayan@mcguirewoods.com
kminson@mcguirewoods.com
mbrody@mcquirewoods.com

Dated: October 25, 2022

</div>

POTTER ANDERSON & CORROON LLP

By: /s/ Jesse L. Noa
    John A. Sensing (#5232)
    Jesse L. Noa (#5973)
    1313 North Market Street
    Hercules Plaza, 6th Floor
    Wilmington, DE  19801
    (302) 984-6000 – Telephone
    (302) 658-1192 – Facsimile
    jsensing@potteranderson.com
    jnoa@potteranderson.com

*Attorneys for Plaintiff Patrick K. Donnelly*

---

[4] Additionally, to the extent that Defendant's response—should it file one—addresses issues outside of this Motion, Mr. Donnelly respectfully requests leave to file a reply brief as to such issues.