IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PATRICK K. DONNELLY<br><br>*Plaintiff,*<br><br>v.<br><br>PROPHARMA GROUP TOPCO, LLC<br><br>*Defendant.* | C.A. No. 21-894-MAK |

**DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

In 2020, Plaintiff was apparently communicating with Summit Partners about its presumptive bid to acquire ProPharma. The Court ordered that Plaintiff must produce documents reflecting these communications because they bear directly on Plaintiff's claims here that he was somehow still a ProPharma board member while advising a potential acquirer of ProPharma. Plaintiff has taken an indefensibly narrow reading of the Court's Order and is refusing to produce all relevant, responsive communications, necessitating this motion to compel.[1]

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

On August 26, 2022, Plaintiff produced centrally relevant documents revealing, for the first time, communications between Plaintiff and non-party Summit Partners. Based on these newly-produced documents, in an Order dated September 8, 2022 (D.I. 107, the "Order"), the Court found "good cause to extend discovery on issues relating to the defense concerning [Mr. Donnelly's]

---

[1] This motion relates to discovery and is therefore filed pursuant to Section III.A of the Honorable Mark A. Kearney's Policies and Procedures and complies with the page limit set forth therein.

1

representations as to his role with [ProPharma] in communications with Summit Partners[,]"[2] and granted ProPharma leave "to obtain and review requested […] documents and take limited depositions responsive to Defendant's requests for **information relating to [Mr. Donnelly's] communications with Summit Partners or Veranex.**"[3] ProPharma issued targeted requests for production of documents to Mr. Donnelly ("Third Discovery Requests") as well as a subpoena *duces tecum* on Summit Partners seeking the narrow category of documents contemplated by the Court's Order, namely documents reflecting (i) Mr. Donnelly's involvement in Summit Partners' bid to acquire ProPharma, including Mr. Donnelly's inclusion in communications about the sales process and (ii) any representations by Mr. Donnelly to Summit Partners concerning his status, resignation and/or removal from the ProPharma Board of Managers.[4]

In response to Defendant's September 6, 2022 subpoena, non-party Summit Partners produced three documents (the "Summit Documents")[5] revealing communications between Mr. Donnelly and Summit Partners that further confirm Mr. Donnelly's 2019 termination from the ProPharma Board and thus are central to (if not dispositive of) this case. The Summit Documents (attached to the O'Beirne Declaration at **Exhibit C**) include:

- A July 2020 email chain between Mr. Donnelly and Summit Partners wherein Mr. Donnelly transmits his *curriculum vitae* ("CV"), **which lists his service on the ProPharma Board of Managers as having ended in 2019**;[6] and

- A June 2020 email chain in which Darren Black of Summit Partners refers to Mr. Donnelly as "**previously on the board of ProPharma**" and therefore someone who "will help [Summit] sort through the ProPharma process." *Id.*"[7]

---

[2] Order at 1.
[3] *Id.* at ¶ 1 (emphasis added).
[4] *See* **Exhibits A** and **B**, respectively. Defendant's requests to Nonparty Summit Partners mirrored several of the additional requests propounded on Plaintiff.
[5] Non-party Summit Partners' limited production and compliance with the Court's Order will be the subject of a separate motion to compel.
[6] *See* Ex. C, O'Beirne Decl. at SUMMIT00000003 – SUMMIT00000010.
[7] *See id.* at SUMMIT00000001.

Mr. Donnelly's production in response to ProPharma's Third Discovery Requests just five days later omitted these same communications, which were clearly authored and sent by Mr. Donnelly from his personal Gmail account.[8] Plaintiff's withholding of such plainly relevant documents is especially concerning in light of Plaintiff's most recent averment to the Court specifically certifying that "Plaintiff has produced all responsive documents regarding all nonprivileged matters relevant to Plaintiff's claims and Defendant's defenses […]".[9]

When Defendant contacted Plaintiff to seek an explanation for why the Summit communications were not produced as part of Plaintiff's recent production, Mr. Donnelly took the indefensible position that the communications (and presumably others like them) fall outside the scope of the Court's Order and therefore Plaintiff was under no obligation to produce them. Specifically, counsel for Mr. Donnelly informed counsel for ProPharma that Mr. Donnelly is withholding such communications between Plaintiff and Summit on the grounds that they are somehow not responsive to "the narrow issue of 'the defense concerning Plaintiff's representations as to his role with the Defendant in communications with Summit Partners or Veranex'" and/or "wholly irrelevant to any actual or potential claim or defense in this matter."[10]

On October 17, counsel for the parties met and conferred regarding Plaintiff's document productions, Plaintiff's continued objections, and the scope of the Court's Order. Counsel for Plaintiff informed counsel for Defendant that (i) the specific Summit communications listed here

---

[8] Despite agreeing to produce documents responsive to all but one of ProPharma's Third Set of Discovery Requests, Mr. Donnelly produced only nine documents in his most recent production. *See gen.* Plaintiff's Written Objections and Responses to Defendant's Third Set of Requests for Production, attached hereto as **Exhibit D.**

[9] *See* Plaintiff's September 7, 2022 Certification (D.I. 104-1) (describing, at the Court's direction, Plaintiff's document review and production efforts in response to Defendant's discovery requests issued to date).

[10] *See gen.* October 10-12, 2022 correspondence between S. Christensen and N. San Filippo, attached hereto at **Exhibit E.**

3

were not located after a reasonably diligent search and (ii) Plaintiff was withholding other documents based on Plaintiff's reading of the Court's Order. Counsel for ProPharma suggested postponing Mr. Donnelly's deposition until the parties' discovery dispute was resolved but Mr. Donnelly repeatedly refused.

On Friday, October 21, 2022, Mr. Donnelly testified that additional documents exchanged between himself and Summit Partners relating to the ProPharma sale not only exist and but were provided by Mr. Donnelly to his counsel and yet have not been produced.[11] ProPharma has not received these documents nor the communications underlying the Summit Documents. Therefore, a clear dispute remains. This motion follows.

## **ARGUMENT**

Under Rule 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1) (emphasis added). When "a party fails to provide documents" a party seeking the discovery "may move for an order compelling […] production." Fed. R. Civ. P. 37.

Plaintiff claims that the only documents responsive to the Court's Order are communications with express, affirmative statements made by or to Mr. Donnelly about Mr. Donnelly's status as a board member. This is simply not what the Court ordered. Defendant is entitled to "information relating to [Mr. Donnelly's] communications with Summit Partners or

---

[11] "Q. Can we agree you should not have had this highly confidential information? A. Yeah, that's why I forwarded it on to them, and this came from Andrew Georgeson, these two attachments. Q. How am I supposed to know that? There's no email from Andrew Georgeson. A. I gave it to – yesterday, when I this, I gave it to counsel. Q. Whoa, yesterday you gave other Gmails to counsel that haven't been produced to us in this case? A. Just this one. […] MR. O'BEIRNE: Yeah, so we've never received this e-mail titled "PPG offer letter" that Mr. Donnelly just admitted has highly confidential information that he should not have had access to, and it was produced by another party. So this is kind of quintessentially the information that's the subject of our forthcoming Motion to Compel, which is why we're going to leave this deposition open." *See* **Exhibit F**, Deposition of Patrick K. Donnelly, dated October 21, 2022 at 320:21-321:25.

4

Veranex" about Summit's then-imminent bid for ProPharma because those communications are probative of both Mr. Donnelly's and Summit's beliefs and conduct. Simply put, any communication that Summit and Mr. Donnelly would have viewed as impermissible were Mr. Donnelly still on the board of ProPharma are directly relevant to the issues in this case.

### A. Plaintiff is Impermissibly Withholding Documents Even Under His Narrow View of the Court's Order.

Even under Mr. Donnelly's interpretation of the Court's Order, ProPharma is clearly entitled to the production of his underlying communications with Summit Partners, dated June 4 and July 16, 2020, that Summit has already produced. Mr. Donnelly has repeatedly taken the position that he is only required to produce documents "concerning Plaintiff's representations as to his role with the Defendant in communications with Summit Partners or Veranex." While we disagree with this interpretation of the Order, it is beyond dispute that the underlying communications from Mr. Donnelly to Summit Partners are responsive even under Mr. Donnelly's narrow construction. For instance, it is not clear how a July 16, 2020 email from Mr. Donnelly transmitting to Summit Partners his *curriculum vitae* which lists Mr. Donnelly's service on the ProPharma Board as ending in 2019 does not qualify as a "representation[] as to [Mr. Donnelly's] role with [ProPharma] in communications with Summit Partners." Likewise, Mr. Donnelly cannot argue that the June 2020 email chain in which Darren Black at Summit Partners expresses his belief that Mr. Donnelly was **previously** on the ProPharma Board is beyond the scope of even his reading of the Order.

### B. ProPharma is Entitled to Any Documents Reflecting or Referring to Communications Between Mr. Donnelly and Summit Partners Concerning the ProPharma Sales Process.

Mr. Donnelly's strained interpretation of the Court's Order is indefensible given the facts and central issues in this case, not to mention the documents already produced which formed the foundation for the Court's Order in the first place. For these reasons, and as explained more fully

below, documents reflecting or referring to communications between Summit Partners and Mr. Donnelly concerning the ProPharma sales process are probative, fall squarely within the Court's Order, and should be produced by Mr. Donnelly here.

***First,*** a communication need not make a formal statement ***about*** Donnelly's supposed continued board service without being flatly ***inconsistent with*** a belief on the part of Donnelly or Summit that Donnelly was still a board member. For example, statements about Summit's intention to structure a deal or calibrate their offer to be more advantageous to Summit (and therefore less favorable to ProPharma) made by, to or in the presence of Donnelly are plainly probative of whether Summit or Donnelly believed Donnelly was still on the board of ProPharma.

***Second***, the very documents that form the basis of the Court's Order (and which prompted additional discovery in the first place) are representative of the category of documents sought in ProPharma's Third Discovery Requests relating to the sale that Donnelly is improperly withholding. Donnelly already identified and produced a handful of these documents because they were plainly relevant to the parties' claims and defenses and the Court clearly agreed. Mr. Donnelly has since provided his counsel with other similar documents because they are obviously relevant. Donnelly is effectively arguing that despite having produced documents more broadly relevant, due to a Court order directing the production of additional similar documents, the universe of discoverable documents has somehow gotten ***smaller***. This is not what the Court ordered.

## CONCLUSION

For the reasons stated herein, Defendant respectfully moves the Court for an Order (i) overruling Plaintiff's relevance and overbreadth objections to Defendant's Third Set of Requests for Production of Documents dated September 2, 2022, (ii) compelling Plaintiff to provide amended responses and produce all documents responsive to Defendant's Third Set of Requests

for Production of Documents by no later than October 28, 2022; (iii) requiring Plaintiff to pay all of Defendant's attorneys' fees and costs incurred with the instant motion pursuant to Federal Rule of Civil Procedure 37; and (iv) granting any other relief the Court deems appropriate.

| | |
|---|---|
| OF COUNSEL: | */s/ Katharine L. Mowery* |
| | Susan Hannigan Cohen (#5342) |
| Jonathan E. Missner | Katharine L. Mowery (#5629) |
| Robert B. Gilmore | John M. O'Toole (#6448) |
| Philip J. O'Beirne | Richards, Layton & Finger, P.A. |
| Kevin L. Attridge | 920 North King Street |
| Samantha Christensen | Wilmington, DE 19801 |
| Stein Mitchell Beato & Missner LLP | (302) 651-7700 |
| 901 15th Street NW, Suite 700 | Hannigan@rlf.com |
| Washington, D.C. 20005 | Mowery@rlf.com |
| (202) 737-7777 | OToole@rlf.com |
| | |
| Dated: October 25, 2022 | *Attorneys for Defendant ProPharma Group Topco, LLC* |