**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **PATRICK K DONNELLY** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 21-894-MAK** |
| | : | |
| **PROPHARMA GROUP TOPCO LLC** | : | |

# ORDER

**AND NOW**, this 31st day of October 2022, upon considering the parties' three discovery Motions (D.I. 129, 130, 132), relating to arising from the limited discovery we permitted in our September 8, 2022 Order (D.I. 107), Responses (D.I. 133, 134), also considering Defendant's unopposed Motion to modify (D.I. 135) our September 8, 2022 Order (D.I. 107) to modify their obligations to complete limited discovery and address dispositive and *Daubert* motions, and mindful of the limited discovery permitted into the later discovered emails relating to the issues arising from the Plaintiff's alleged representations to Summit Partners and Veranex, it is **ORDERED**:

    1.    We **GRANT in part** Plaintiff's Motion to quash or for protective relief (D.I. **129**):

        a.    Defendant may ask the third parties about <u>Mr. Donnelly's</u> direct or adoptive statements conduct directed to them or in their presence regarding his status, resignation, or removal from the Defendant Board

        b.    We deny the remaining relief because, among other reasons, Plaintiff lacks standing to quash the entire subpoena;

    2.    We **DENY** Defendant's Motion to compel documents (D.I. **130**) beyond documents prepared or sent by or on behalf of Plaintiff describing his role with the Defendant in communications with Summit Partners and Veranex but require Plaintiff's counsel shall, no later than **NOON** on **November 2, 2022,** email: a log of withheld documents provided by Plaintiff to

his counsel with specific descriptions of the date/time, author, recipient(s) and general subject matter in the withheld documents to Defendant's counsel and our Chambers; and unredacted copies of the withheld documents identified on the log to our Chambers only for our *in camera* review;

3. We **GRANT in part** Defendant's Motion to compel the renewed deposition of Plaintiff (D.I. **132**) as unopposed under our Policies requiring Plaintiff appear and answer all questions other than those to which he can properly invoke a privilege as to a specific question in a deposition not exceeding three hours but the requested relief as to fees and costs is **denied** without prejudice to be renewed should Plaintiff not fully answer the earlier inquiries; and,

4. We **GRANT** Defendant's unopposed Motion (D.I. **135**) to modify limited deadlines in our September 8, 2022 Order (D.I. 107) so as to:

    a. The remaining fact and expert discovery permitted under our September 8, 2022 Order (D.I. 107) shall be completed by no later than **November 9, 2022**; and,

    b. Parties are granted leave to move for summary judgment or *Daubert* relief by no later than **November 14, 2022** with a response filed no later than **November 29, 2022**.

                                                         **KEARNEY, J.**