**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

PATRICK K. DONNELLY,

     *Plaintiff,*

    v.

PROPHARMA GROUP TOPCO, LLC,

    *Defendant.*

C.A. 21-cv-894-MAK

**<u>PLAINTIFF'S PROPOSED JURY INSTRUCTIONS</u>**

OF COUNSEL:

Nicholas D. SanFilippo
Daniel C. Masakayan
Keith J. Minson
Michael A. Brody
**MᴄGᴜɪʀᴇWᴏᴏᴅs LLP**
1750 Tysons Boulevard, Suite 1800
Tysons, VA  22102
(703) 712-5000 - Telephone
(703) 712-5050 - Facsimile
nsanfilippo@mcguirewoods.com
dmasakayan@mcguirewoods.com
kminson@mcguirewoods.com

By: */s/ Jesse L. Noa*
    John A. Sensing (#5232)
    Jesse L. Noa (#5973)
    **POTTER ANDERSON & CORROON LLP**
    1313 North Market Street
    Hercules Plaza, 6th Floor
    Wilmington, DE  19801
    (302) 984-6000 – Telephone
    (302) 658-1192 – Facsimile
    jsensing@potteranderson.com
    jnoa@potteranderson.com

*Attorneys for Plaintiff Patrick K. Donnelly*

Dated: February 24, 2023

**ISSUE INSTRUCTIONS**

JURY INSTRUCTION NO. ___

Count I – Mr. Donnelly's Breach of Contract Claim: Issues

Mr. Donnelly has brought a claim against ProPharma Group Topco, LLC ("ProPharma") for breach of contract relating to Mr. Donnelly's receipt of base compensation paid quarterly under the ProPharma Offer letter ("ProPharma Offer").

Specifically, the issues are:

(1)     Is the ProPharma Offer for Mr. Donnelly to join the ProPharma Board of Managers a binding contract entered into by the parties?

(2)     If so, did ProPharma breach the ProPharma Offer by failing to pay Mr. Donnelly his base compensation for the period from July 1, 2019 through September 30, 2020?

(3)     If so, did the Mr. Donnelly suffer any damages?

(4)     If so, what is the amount of his damages?

On these issues, Mr. Donnelly has the burden of proof by the preponderance of the evidence.

JURY INSTRUCTION NO. ___

Count II – Mr. Donnelly's Breach of Contract Claim: Issues

Mr. Donnelly has brought a claim against ProPharma Group Topco, LLC ("ProPharma") for breach of contract relating to Mr. Donnelly's receipt of incentive equity under the Incentive Equity Agreement ("IEA").

Specifically, the issues are:

(1)     Is the IEA outlining the buyback terms for Mr. Donnelly's management incentive units a binding contract entered into by the parties?

(2)     If so, did ProPharma breach the IEA by failing to pay Mr. Donnelly the fully vested value of all of his management incentive units in accordance with the September 30, 2020 sales price for ProPharma?

(3)     If so, did the Mr. Donnelly suffer any damages?

(4)     If so, what is the amount of his damages?

On these issues, Mr. Donnelly has the burden of proof by the preponderance of the evidence.

## **PRELIMINARY INSTRUCTIONS**

### **Instruction __**

### **Description of Trial Proceedings**

The trial will proceed in the following manner:

First, attorney(s) for Mr. Patrick Donnelly will make an opening statement to you. Next, attorney(s) for ProPharma Group may make an opening statement. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show.

After the attorneys have made their opening statements, I will instruct you on the applicable law and then each party is given an opportunity to present its evidence.

Mr. Donnelly goes first because Mr. Donnelly has the burden of proof. Mr. Donnelly will present witnesses whom counsel for ProPharma Group may cross-examine, and Mr. Donnelly may also present evidence. Following Mr. Donnelly's case, ProPharma Group may present evidence. Counsel for Mr. Donnelly may cross-examine witnesses for the defense.

After all the evidence has been presented, I will instruct you on the law and then the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions. As with opening statements, closing arguments are not evidence. After that you will retire to the jury room to deliberate on your verdict in this case.

**Source**: Third Circuit Model Civil Jury Instructions 1.12.

**Instruction __**

**Conduct of the Jury**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence. I know that many of you use cell phones, smart phones like Blackberries and iPhones, and other portable electronic devices; laptops, netbooks, and other computers both portable and fixed; and other tools of technology, to access the internet and to communicate with others. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate orally with anyone about the case on your cell phone, smart phone, or portable or fixed computer or device of any kind; or use these devices to communicate electronically by messages or postings of any kind including e-mail, instant messages, text messages, text or instant messaging services such as Twitter, or through any blog, website, internet chat room, or by way of any other social networking websites or services including Facebook, MySpace, LinkedIn, and YouTube.

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either. That is why you are asked to wear your juror tags. It shows that you are someone who is not to be approached in any way.

Second, do not read or listen to anything related to this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case. Do not do any research on the internet, for example. You are to decide the case upon the evidence presented at trial. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Again, do not reach any conclusion on the claims or defenses until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

Finally, if any member of the jury has a friend or family member who is in attendance at this public trial, that visitor must first register with my Clerk because special rules will govern their attendance. You may not discuss any aspect of this trial with the visitor, nor may you permit the visitor to discuss it with you.

**Source:** Third Circuit Model Civil Jury Instructions 1.3.

**Instruction __**

**Bench Conferences**

During the trial it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference.  If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill  my responsibility, which is  to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. While we meet, I will invite you to stand up and stretch and take a short break or perhaps even call a recess if it is a lengthy issue, and permit you to go downstairs for a break.

I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Source:** Third Circuit Model Civil Jury Instructions 1.4.

**Instruction __**

**Conduct of Counsel**

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Counsel also have the right and duty to ask the court to make rulings of law and to request conferences at the side bar out of the hearing of the jury. All those questions of law must be decided by me, the court. You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked for a conference out of the hearing of the jury or asked the court for a ruling on the law.

As I already indicated, my rulings on the admissibility of evidence do not, unless expressly stated by me, indicate any opinion as to the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

**Source:** 4 Modern Federal Jury Instructions-Civil P 71.01, Instruction 71-6 (2022).

**Instruction __**

**Preponderance of the Evidence**

This is a civil case. Mr. Donnelly is the party who brought this lawsuit. ProPharma Group is the party against which the lawsuit was filed. Mr. Donnelly has the burden of proving his case by what is called the preponderance of the evidence. That means Mr. Donnelly has to prove to you, in light of all the evidence, that what he claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to Mr. Donnelly and the evidence favorable to ProPharma Group on opposite sides of the scales, Mr. Donnelly would have to make the scales tip somewhat on his side. If Mr. Donnelly fails to meet this burden, the verdict must be for ProPharma Group. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

On certain issues, called affirmative defenses, ProPharma Group has the burden of proving the elements of the defense by a preponderance of the evidence. I will instruct you on the facts that will be necessary for you to find on this affirmative defense. An affirmative defense is proven if you find, after considering all evidence in the case, that ProPharma Group has succeeded in proving that the required facts are more likely so than not so.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply in civil cases such as this. So you should put it out of your mind.

**Source:** Third Circuit Model Civil Jury Instructions 1.10.

**Instruction __**

**Direct and Circumstantial Evidence**

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses—something the witness has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

**Source:** Third Circuit Model Civil Jury Instructions 1.6.

**Instruction __**

**What Is and Is Not Evidence**

The evidence from which you are to find the facts consists of the following:

1. The testimony of the witnesses;
2. Documents and other things received as exhibits;
3. Any facts that are stipulated—that is, formally agreed to by the parties; and
4. Any facts that are judicially noticed—that is, facts I say you must accept as true even without other evidence.

The following things are not evidence:

1. Statements, arguments, and questions of the lawyers for the parties in this case;
2. Objections by lawyers.
3. Any testimony I tell you to disregard; and
4. Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown.

**Source:** Third Circuit Model Civil Jury Instructions 1.5.

9

**Instruction __**

**What Is and Is Not Evidence**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief.  You may believe everything a witness says or only part of it or none of it.  In deciding what to believe, you may consider a number of factors including the following:

**Instruction __**

**Opinion Testimony**

You will hear testimony containing opinions from several witnesses.  In weighing this opinion testimony, you may consider his or her qualifications, the reasons for his or her opinions, and the reliability of the information supporting those opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness.  The opinions of these witnesses should receive whatever weight and credit, if any, you think appropriate, given all the other evidence in the case.

In deciding whether to accept or rely upon the opinion of these witnesses, you may consider any bias that the witness may have, including any bias that may arise from evidence that the witness has been or will be paid for reviewing the case and testifying or from evidence that the witness testifies regularly and makes a large portion of his or her income from testifying in court.

**Source:** Third Circuit Model Civil Jury Instruction 2.11.

**Instruction \_\_**

**Credibility of Witnesses**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

1. the opportunity and ability of the witness to see or hear or know the things the witness testifies to;
2. the quality of the witness's understanding and memory;
3. the witness's manner while testifying;
4. whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;
5. whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;
6. how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and
7. any other factors that bear on believability.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Source:** Third Circuit Model Civil Jury Instructions 1.7.

12

**Instruction __**

**Bias**

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

**Source:** 4 Modern Federal Jury Instructions-Civil P 76.01, Instruction 76-2 (2022).
**Citation:** *Davis v. Alaska*, 415 U.S. 308, 316 (1974).

**Instruction __**

**Interest in Outcome**

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.

**Source:** 4 Modern Federal Jury Instructions-Civil P 76.01, Instruction 76-3 (2022).
**Citation:** *Davis v. Alaska*, 415 U.S. 308, 316 (1974).

14

**Instruction __**

**Note Taking**

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial.  But you should not assume that the transcripts will be available for your review during your deliberations.  You must pay close attention to the testimony as it is given.

You may not take notes during the course of the trial. There are several reasons for this. It is difficult to take notes and, at the same time, pay attention to what a witness is saying and the witness's manner while testifying. One of the reasons for having a number of persons on the Jury is to gain the advantage of your individual and collective memories so that you can then deliberate together at the end of the trial and reach agreement on the facts. While some of you might feel comfortable taking notes, other members of the Jury may not feel as comfortable and may not wish to do so. Notes might be given too much weight over memories, especially the memories of those who do not take notes. So, for those reasons, I ask that you not take notes during the trial.

**Source:** Third Circuit Model Civil Jury Instruction 1.9.

**Instruction \_\_**

**Stipulation of Fact**

The parties have stipulated that certain facts are true, and those stipulations have been read to you during this trial. You must therefore treat these facts as having been proved for the purposes of this case.

**Source:** Third Circuit Model Civil Jury Instruction 2.4.

## FINAL INSTRUCTIONS

### Instruction __

### Parties to the Judicial Process / Role of the Court

Ladies and gentlemen, before you begin your deliberations, I now am going to instruct you on the law. You must pay close attention and I will be as clear as possible.

It has been obvious to me and counsel that until now you have faithfully discharged your duty to listen carefully and observe each witness who testified. Your interest never flagged, and you have followed the testimony with close attention.

I ask you to give me that same careful attention as I instruct you on the law.

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

**Source:** 4 Modern Federal Jury Instructions-Civil P 71.01, Instruction 71-1, 71-2 (2022).
**Citation:** *United States v. 564.54 Acres of Land*, 576 F.2d 983 (3d Cir. 1978), rev'd on other grounds, 441 U.S. 506 (1979); Third Circuit Model Civil Jury Instruction 3.1.

**Instruction __**

**Jury to Disregard Court's View**

I have not expressed nor have I intended to intimate any opinion as to which witnesses are or are not worthy of belief, what facts are or are not established, or what inference or inferences should be drawn from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to disregard it. You are, I repeat, the exclusive, sole judges of all of the questions of fact submitted to you and of the credibility of the witnesses. Your authority, however, is not to be exercised arbitrarily; it must be exercised with sincere judgment, sound discretion, and in accordance with the rules of law which I give you. In making your determination of the facts in this case, your judgment must be applied only to that which is properly in evidence. Arguments of counsel are not in evidence, although you may give consideration to those arguments in making up your mind on what inferences to draw from the facts which are in evidence.

From time to time the court has been called upon to pass upon the admissibility of certain evidence, although I have tried to do so, in so far as it was practicable, out of your hearing. You have no concern with the reasons for any such rulings and you are not to draw any inferences from them. Whether offered evidence is admissible is purely a question of law in the province of the court and outside the province of the jury. In admitting evidence to which objection has been made, the court does not determine what weight should be given to such evidence, nor does it pass on the credibility of the evidence. Of course, you will dismiss from your mind, completely and entirely, any evidence which has been ruled out of the case by the court, and you will refrain from speculation or conjecture or any guesswork about the nature or effect of any colloquy between court and counsel held out of your hearing or sight.

**Source:** 4 Modern Federal Jury Instructions-Civil P 71.01, Instruction 71-5 (2022).

**Instruction __**

**Inferences**

During the trial you have heard the attorneys use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw— but not required to draw—from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

**Source:** 4 Modern Federal Jury Instructions-Civil P 75.01, Instruction 75-1 (2022).
**Citation**: *EEOC v. Greyhound Lines*, 635 F.2d 188, 194 (3d Cir. 1980).

**Instruction __**

**Party's Failure to Produce Evidence**

You have heard testimony about evidence which has not been produced. Counsel for plaintiff has argued that this evidence was in defendant's control and would have proven facts material to the matter in controversy.

If you find that the defendant could have produced the evidence, and that the evidence was within his or her control, and that this evidence would have been material in deciding among the facts in dispute in this case, then you are permitted, but not required, to infer that the evidence would have been unfavorable to the defendant.

In deciding whether to draw this inference, you should consider whether the evidence not produced would merely have duplicated other evidence already before you. You may also consider whether the defendant had a reason for not producing this evidence that was explained to your satisfaction. Again, any inference you decide to draw should be based on all of the facts and circumstances in this case.

**Source:** 4 Modern Federal Jury Instructions-Civil P 75.01, Instruction 75-7 (2022).

**Instruction __**

**Discrepancies in Testimony**

You have heard evidence of discrepancies in the testimony of certain witnesses, and counsel have argued that such discrepancies are a reason for you to reject the testimony of those witnesses.

You are instructed that evidence of discrepancies may be a basis to disbelieve a witness's testimony. On the other hand, discrepancies in a witness's testimony or between his or her testimony and that of others do not necessarily mean that the witness's entire testimony should be discredited.

People sometimes forget things and even a truthful witness may be nervous and contradict himself. It is also a fact that two people witnessing an event will see or hear it differently. Whether a discrepancy pertains to a fact of importance or only to a trivial detail should be considered in weighing its significance; but a willful falsehood always is a matter of importance and should be considered seriously.

It is for you to decide, based on your total impression of the witness, how to weigh the discrepancies in his or her testimony. You should, as always, use common sense and your own good judgment.

**Source:** 4 Modern Federal Jury Instructions-Civil P 76.01, Instruction 76-4 (2022).
**Citation:** *Quock Ting v. United States*, 140 U.S. 417, 420–421 (1891).

21

**Instruction __**

**Impeachment by Prior Inconsistent Statements**

You have heard evidence that at some earlier time the witness has said or done something that counsel argues is inconsistent with the witness's trial testimony.

Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence in determining liability. Evidence of a prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based on all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

**Source:** 4 Modern Federal Jury Instructions-Civil P 76.01, Instruction 76-5 (2022).

**Instruction __**

**Charts and Summaries in Evidence**

[Name of party] has presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

**Source:** Third Circuit Model Civil Jury Instruction 2.7.

**Instruction __**

**Use of Deposition**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath and swears to tell the truth, and lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], which was taken on [date], is about to be [has been] presented to you [by a video] [by reading the transcript]. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**Source:** Third Circuit Model Civil Jury Instruction 2.5.

**Instruction __**

**Conflicting Expert Testimony**

You have heard testimony of two witnesses who were called by each side to give their opinion about damages.

The witnesses who testified in this case did so in order to assist you in reaching a decision on the issue of damages.

The testimony of these witnesses is in conflict. They disagree. You must remember that you are the sole trier of the facts and their testimony relates to a question of fact—that is, whether Plaintiff is owed damages; so, it is your job to resolve the disagreement.

The way you resolve the conflict between these witnesses is the same way that you decide other fact questions and the same way you decide whether to believe ordinary witnesses. In addition, because they gave their opinions, you should consider the soundness of each opinion, the reasons for the opinion, and the witness's motive, if any, for testifying.

You may give the testimony of each of these witnesses such weight, if any, that you think it deserves in the light of all the evidence. You should not permit a witness's opinion testimony to be a substitute for your own reason, judgment, and common sense.

You may reject the testimony of any opinion witness in whole or in part, if you conclude the reasons given in support of an opinion are unsound or, if you, for other reasons, do not believe the witness. The determination of the facts in this case rests solely with you.

**Source:** 4 Modern Federal Jury Instructions-Civil P 76.01, Instruction 76-10 (2022).

**Instruction __**

**Consider Damages Only If Necessary**

If the plaintiff has proven by a preponderance of the credible evidence that defendant is liable on the plaintiff's claim, then you must determine the damages to which the plaintiff is entitled. However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery.

**Source:** 4 Modern Federal Jury Instructions-Civil P 77.01, Instruction 77-1 (2022).
**Citation:** *Eulo v. Deval Aerodynamics, Inc.*, 47 F.R.D. 35 (E.D. Pa. 1969), modified on other grounds, 430 F.2d 325 (3d Cir. 1970).

**Instruction __**

**Compensatory Damages**

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendant's violation of the plaintiff's rights. If you find that the defendant is liable on the claims, as I have explained them, then you must award the plaintiff sufficient damages to compensate him or her for any injury proximately caused by the defendant's conduct.

These are known as "compensatory damages." Compensatory damages seek to make the plaintiff whole—that is, to compensate him or her for the damage suffered. Damages for a breach of contract should place the wronged party in as good a position as that party would have been if the breaching party had fully performed its obligations under the contract.

I remind you that you may award compensatory damages only for injuries that a plaintiff proves were proximately caused by a defendant's allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he or she is reasonably likely to suffer in the near future.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

**Source:** 4 Modern Federal Jury Instructions-Civil P 77.01, Instruction 77-3 (2022).
**Citation:** *Brand Marketing Group LLC v. Intertek Testing Services, N.A., Inc.*, 801 F.3d 347 (3d Cir. 2015); *Cortez v. Trans Union, LLC*, 617 F.3d 688 (3d Cir. Pa. 2010).

27

**Instruction __**

**Calculation of Past Damages**

A prevailing plaintiff is entitled to recover an amount that will fairly and adequately compensate him for any damages sustained to date.

**Source:** 4 Modern Federal Jury Instructions-Civil P 77.01, Instruction 77-4 (2022).
**Citation**: *Jones & Laughlin Steel Corp. v. Pfeifer*, 462 U.S. 523 (1983); *Norfolk & Western Ry. Co. v. Liepelt*, 444 U.S. 490 (1980).

**Instruction __**

**Deliberations**

When you retire to the jury room to deliberate, you may take with you these instructions and the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, smart phone like Blackberries or iPhones, or computer of any kind; the internet, any internet service, or any text or instant messaging service like Twitter; or any internet chat room, blog, website, or social networking service such as Facebook, MySpace, LinkedIn, or YouTube, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. Information that you might see on the internet or on social media has not been admitted

29

into evidence and the parties have not had a chance to discuss it with you. You should not seek or obtain such information and it must not influence your decision in this case.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.

**Source**: Third Circuit Model Civil Jury Instructions 3.1.

**Instruction __**

**Number of Witnesses**

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Source**: Third Circuit Model Civil Jury Instructions 3.2.

**Instruction __**

**Contract Formation**

A contract is a legally binding agreement between two or more parties. Each party to the contract must perform according to the agreement's terms. A party's failure to perform a contractual duty constitutes breach of contract. If a party breaches the contract and that breach causes injury or loss to another party, then the injured party may claim damages.

For a legally binding contract to exist, there must be:

1) an offer of a contract by one party;

2) an acceptance of that offer by the other party;

3) consideration for the offer and acceptance; and

4) sufficiently specific terms that determine the obligations of each party.

In this case, Mr. Donnelly alleges that ProPharma Group breached a contract by failing to pay him base compensation and incentive equity as set forth under his October 24, 2016 Offer Letter and Management Incentive Unit Agreement. You must determine from a preponderance of the evidence whether a legally binding contract was formed between Mr. Donnelly and ProPharma Group.

**Citation**: Del. P.J.I. Civ. § 19.1.

**Instruction __**

**Offer**

An offer is a display of willingness to enter into a contract on specified terms. To constitute an offer, this display must be made in a way that would lead a reasonable person to understand that an acceptance, having been sought, will result in a binding contract.

**Citation**: Del. P.J.I. Civ. § 19.3.

**Instruction __**

**Acceptance**

An acceptance of an offer is an agreement, either by express act or by conduct, to the precise terms of the offer so that a binding contract is formed. If the acceptance modifies the terms or adds new ones, it generally operates as a counteroffer and a binding contract is not yet formed.

**Citation**: Del. P.J.I. Civ. § 19.5.

**Instruction __**

**Performance**

Performance is the successful completion of a contractual duty. Full performance consistent with the terms of the agreement discharges the contractual duty. Full performance means not only performance of the character, quality and amount required, but also performance within the agreed time.

**Citation**: Del. P.J.I. Civ. § 19.17.

**Instruction __**

**Substantial Performance**

A good-faith attempt to perform a contract, even if the attempted performance does not precisely meet the contractual requirement is considered complete if the substantial purpose of the contract is accomplished. This means that the contract has been completed in every significant respect. For example, if a builder completes an office tower but fails to apply a second coat of paint to the basement walls, the builder will have substantially performed the contract. This situation is known in the law as substantial performance. In our example, the builder would be entitled to payment on the terms of the contract but would also be liable to the office tower's owner for the cost of painting the basement walls.

If you find that Mr. Donnelly substantially performed the duties of the contract with ProPharma Group to carry out his duties as a board member, then Mr. Donnelly is entitled to recover amounts owed to him as a board member from ProPharma Group and you may award damages accordingly. If you also find that ProPharma Group suffered minimal damages due to the slight deviation by Mr. Donnelly in substantially performing the contract, you may award ProPharma Group damages in the amount necessary to finish the contract.

**Citation**: Del. P.J.I. Civ. § 19.18.

**Instruction __**

**Performance Prevented By a Party**

A party to a contract may not prevent another party from performing its contractual duties and then claim that the other party has breached the contract or failed to complete its terms. For example, a farmer who contracts with a builder to put up a barn on the farmer's land must make the land available to the builder so that the work may be done. Likewise, the farmer must not interfere with the progress of the work.

In this case, you must determine whether ProPharma Group prevented or otherwise interfered with Mr. Donnelly's duty to perform his duties as a board member.

**Citation**: Del. P.J.I. Civ. § 19.19.

37

**Instruction __**

**Breach of Contract Defined**

Because Mr. Donnelly was a party to the contract at issue, Mr. Donnelly would be entitled to recover damages from ProPharma Group for any breach of the contract. To establish that ProPharma Group is liable to Mr. Donnelly for breach of contract, Mr. Donnelly must prove that one or more terms of Mr. Donnelly's contract with ProPharma Group have not been performed and that Mr. Donnelly has sustained damages as a result of ProPharma Group's failure to perform.

**Citation**: Del. P.J.I. Civ. § 19.20.

**Instruction __**

**Resignation**

An act of resignation must be an action that clearly manifests that the director has resigned his fiduciary position. Where the act is less than clear, it is not effective as a resignation.  There must be some objective manifestation of words or actions to that effect.

Loose and ambiguous language will not be regarded as sufficient to prove the resignation of a corporate officer, at least where the subsequent acts and declaration of the officer are inconsistent with any such contention.  Statements of future intent, standing alone, are insufficient to constitute a resignation.

**Citations**: *Oracle Partners, L.P. v. Biolase, Inc*., 2014 WL 2120348, at *16 (Del. Ch. May 21, 2014), aff'd, 97 A.3d 1029 (Del. 2014); *Villette v. MondoBrain, Inc*., 2020 WL 7706961, at *3 (Del. Ch. Dec. 29, 2020); *Bachmann v. Ontell*, 1984 WL 8245, at *3 (Del.Ch. Nov.27, 1984); *Hockessin Cmty. Ctr., Inc. v. Swift*, 59 A.3d 437, 458 (Del. Ch. 2012).

**Instruction __**

**Acquiescence**

Acquiescence can bar a claim as a matter of equity when a plaintiff has full knowledge of his rights and the material facts and (1) remains inactive for a considerable time; or (2) freely does what amounts to recognition of the complained of act; or (3) acts in a manner inconsistent with the subsequent repudiation, which leads the other party to believe the act has been approved.

To meet its burden of proving acquiescence, a party must show that another party essentially consented to the challenged action before or after the fact.

**Citation**: *Zohar III Ltd. v. Stila Styles, LLC*, 2022 WL 1744003, at *10 (Del. Ch. May 31, 2022), judgment entered, (Del. Ch. 2022), aff'd sub nom. *Tilton v. Zohar III Ltd., Inc.*, 2022 WL 7242692 (Del. Oct. 13, 2022); *Basho Techs. Holdco B, LLC v. Georgetown Basho Invs., LLC*, 2018 WL 3326693, at *41 (Del. Ch. July 6, 2018), aff'd sub nom, *Davenport v. Basho Techs. Holdco B, LLC*, 221 A.3d 100 (Del. 2019).

**Instruction __**

**Accord and Satisfaction**

To establish a defense of accord and satisfaction, a party must show (1) that a bona fide dispute existed as to the amount owed that was based on mutual good faith; (2) that the debtor tendered an amount to the creditor with the intent that payment would be in total satisfaction of the debt; and (3) that the creditor agreed to accept the payment in full satisfaction of the debt.

The burden to prove all the elements necessary for an accord and satisfaction is on the party alleging that it took place.

**Citation**: *Acierno v. Worthy Bros. Pipeline Corp.*, 693 A.2d 1066, 1068 (Del. 1997).

**Instruction __**

**Contract Interpretation**

A contract should be interpreted to mean that which would be understood by an objective, reasonable third party.  A contract should be interpreted by its plain terms.

Clear and unambiguous terms should be interpreted according to their ordinary meaning.

If a writing is plain and clear on its face, the writing itself is the sole source for gaining an understanding of intent.

**Citation:** *Cox Commc'ns., Inc. v. T-Mobile US, Inc.*, 273 A.3d 752, 760 (Del. 2022); *City Investing Co. Liquidating Tr. v. Cont'l Cas. Co.*, 624 A.2d 1191, 1198 (Del. 1993).

**Instruction __**

**Contractual Ambiguity**

Contract language is not ambiguous merely because the parties dispute what it means. To be ambiguous, a disputed contract term must be fairly or reasonably susceptible to more than one meaning.

**Citation:** *Alta Berkeley VI C.V. v. Omneon, Inc.*, 41 A.3d 381, 385 (Del. 2012).

**Instruction __**

**Construction of Ambiguous Terms**

There are certain rules to consider in interpreting contractual terms that appear ambiguous or unclear.

First, if the party that drafted the language of the contract can be determined, the language must be construed most strongly against that party.

Second, if the contract's language is susceptible of two constructions, one of which makes it a fair, customary, and reasonable contract that a prudent person would make, while the second interpretation makes the contract inequitable, unusual, or one that a prudent person would likely not make, the first interpretation must be preferred.

Third, to determine the parties' intent when there are ambiguous terms, the jury will look to the construction given to the terms by the parties as shown through their conduct during the period after the contract allegedly became effective and before the institution of this lawsuit. The parties' conduct after a contract is made should be given great weight in determining its meaning.

Finally, explanatory circumstances existing when the contract was allegedly made may be considered in order to determine the parties' probable intent.

**Source**: Del. P.J.I. Civ. § 19.15.

44

**Instruction __**

**Corporate Responsibility (Express, Apparent, Implied Authority Defined)**

ProPharma Group is an LLC.  An LLC is a creation of state law and can act only through its agents—that is, its members, officers or authorized representatives. In order to find that the act of an agent was binding on the LLC you must find that the agent had authority to act in the manner in which he or she is alleged to have acted.

This authority may be express, apparent or inherent. Express authority is created by the direct verbal or written giving of that authority by the LLC to its agent. For example, express authority to perform certain duties may be part of an employee's contract.

Apparent authority, on the other hand, is the authority which a principal by reason of its acts and conduct leads a third person reasonably to believe that its agent possesses. Apparent authority can be created by appointing a person to a position, such as manager, treasurer or other, which position carries generally recognized duties. In other words, apparent authority is based on a "holding out to the world" of the agent, in his particular position, by the LLC. To third parties who deal with this agent, knowing of his position, the agent has apparent authority to do all those things ordinarily done by someone in that position, regardless of any unknown limitations which are imposed on the particular agent. In such circumstances, the LLC is bound to third parties, who are unaware of any lack of authority to the same extent as if the power to act had been directly conferred. Therefore, if you find that the LLC has, by reason of its words or conduct, led a third party to rely on the appearance of the agent's authority to act on behalf of all the facts and circumstances of the particular case, then the LLC is responsible for such acts of its agent as if the LLC itself committed the acts.

There are also situations in which an agent has inherent authority to bind the LLC even when the LLC has not granted the employee either the express or apparent authority to act on its behalf. This inherent authority may exist, provided the acts in question are within the scope of his or her employment, even though the acts may be criminal or tortious. An act is within the scope of employment if it is sufficiently related to the kind the employee was employed to perform, if it was done substantially within the time and space limits of the job and was actuated, at least in part, by a purpose to serve the LLC.

Therefore, if you find that the agent acted with express, apparent, or inherent authority to bind the LLC, you may find that the LLC was responsible for his conduct.

**Source:** 4 Modern Federal Jury Instructions-Civil P 72.01 (modified), Instruction 72–2; Del. P.J.I. Civ. § 18.8 (modified); *In re Cellular Tel. P'ship Litig.*, C.A. No. 6885-VCL, 2019 Del. Ch. LEXIS 1451 (Ch. Sep. 19, 2019).

**Instruction __**

**Imputed Knowledge**

Under the Delaware agency law doctrine of *respondeat superior*, the knowledge of an agent acting within the scope of his employment may be imputed to his principal.

**Citation:** *Verrastro v. Bayhospitalists, LLC*, 208 A.3d 720 (Del. 2019).

**Instruction __**

**Laches**

Laches is an unreasonable delay by a party, without any specific reference to duration, in the enforcement of a right, and resulting in prejudice to the adverse party.  An unreasonable delay can range from as long as several years to as little as one month. The temporal aspect of the delay is less critical than the reasons for it. In some circumstances even a long delay might be excused.

Laches bars an action in equity if Mr. Donnelly waited an unreasonable length of time before bringing the suit and the delay unfairly prejudices ProPharma Group. Laches requires proof of three elements: first, knowledge by the plaintiff; second, unreasonable delay in bringing the claim; and third, resulting prejudice to the defendant.

**Citation:** *Whittington v. Dragon Grp., L.L.C.*, 991 A.2d 1 (Del. 2009).

**Instruction __**

**Waiver**

Waiver is the intentional relinquishment of a known right. A waiver may be either express or implied, but either way, it must be unequivocal. The contractual waiver of a statutory right must be clear to be enforceable. The standards for proving waiver under Delaware law are quite exacting and to prove waiver, the facts relied upon must be unequivocal.

**Citation:** *Manti Holdings, LLC v. Authentix Acquisition Co*., 261 A.3d 1199 (Del. 2021).

## Instruction __

## Unclean Hands

The equitable doctrine of unclean hands prevents a party who engaged in his own reprehensible conduct in the course of a transaction at issue from seeking relief. The unclean hands doctrine is rooted in the historical concept that the court as a vehicle for affirmatively enforcing the requirements of conscience and good faith, requires the parties to have acted fairly and without fraud or deceit as to the controversy in issue.

A finding of unclean hands must be based on the specific facts of the case.

**Citation:** *RBC Capital Mkts., LLC v. Jervis*, 129 A.3d 816, 875-76 (Del. 2015); *Crown Packaging Tech., Inc. v. Rexam Bev. Can Co*., 679 F. Supp. 2d 512 (D. Del. 2010) (quoting *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co*., 324 U.S. 806 (1945)).

**Instruction __**

**Estoppel**

Estoppel precludes a party from asserting rights which might perhaps have otherwise existed if a party engaged in voluntary conduct, and another person, who has in good faith relied upon such conduct, has been led to change his position for the worse.

**Citation:** *Kahn v. Household Acquisition Corp.*, 591 A.2d 166, 176 (Del. 1991); *XRI Inv. Holdings LLC v. Holifield*, No. 2021-0619-JTL, 2022 Del. Ch. LEXIS 229, at *120 n.44 (Ch. Sep. 13, 2022).

**Instruction __**

**Opinion Testimony**

You have heard testimony containing opinions from non-expert witnesses. In weighing this opinion testimony, you may consider their qualifications, the reasons for their opinions, and the reliability of the information supporting those opinions, as well as the factors I have previously mentioned for weighing the testimony of any other witness. The opinion of these witnesses should receive whatever weight and credit, if any, you think appropriate, given all the other evidence in the case.

In deciding whether to accept or rely upon the opinion of witnesses, you may consider any bias the witness may have, including any bias that may arise from evidence that the witness has been or will be paid for reviewing the case and testifying or from evidence that a witness testifies regularly and makes a large portion of his/her income from testifying in court.

**Source:** Third Circuit Model Civil Jury Instructions 2.11(modified).