IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PATRICK K. DONNELLY<br><br>*Plaintiff,*<br><br>v.<br><br>PROPHARMA GROUP TOPCO, LLC<br><br>*Defendant*. | C.A. No. 21-894-MAK |

**MEMORANDUM IN SUPPORT OF DEFENDANT PROPHARMA GROUP TOPCO, LLC'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING SETTLEMENT COMMUNICATIONS AND OTHER LITIGATION**

**INTRODUCTION**

The instant case is part of a broader dispute between Plaintiff and Linden Capital Partners ("Linden"), the former owner of Defendant. That dispute has involved multiple settlement communications as well as a separate arbitration (since terminated) and a lawsuit in the District of South Carolina (still pending). Plaintiff includes on his Exhibit List (D.I. 182-1) pre-litigation settlement communications (PX 64, 65), documents transmitted as part of those settlement discussions (PX 5, 20), and an arbitration demand that Linden filed (PX 66). None of these matters should be permitted into evidence, as the settlement communications clearly fall within Federal Rule of Evidence 408's ambit, and the other litigations are irrelevant and threaten a serious risk of jury confusion and unfair prejudice. For the reasons more fully explained below, the Court should exclude all evidence and argument referring to these settlement communications and other litigations.

1

**ARGUMENT**

**I. The Court Should Exclude the Parties' Settlement Communications under FRE 408**

"Rule 408 prohibits the admission of 'evidence concerning settlement or compromise of a disputed claim, where the evidence is offered to establish liability, or the validity or amount of the claim." *Cavi v. Evolving Sys. NC, Inc.*, No. CV 15-1211-RGA, 2018 WL 3387474, at *1 (D. Del. May 24, 2018) (quoting *Affiliated Mfrs., Inc. v. Aluminum Co. of Am.*, 56 F.3d 521, 526 (3d Cir. 1995) and Fed. R. Evid. 408). The purpose behind Rule 408 is the 'promotion of the public policy favoring the compromise and settlement of disputes that would otherwise be discouraged with the admission of such evidence.' *Id.* (quoting *Steak Umm Co., LLC v. Steak 'Em Up, Inc.*, 2009 WL 3540786, at *3 (E.D. Pa. Oct. 29, 2009) (citation omitted)). Litigation need not be threatened to trigger application of Rule 408. *See Affiliated Mfrs., Inc.*, 56 F.3d at 528 (stating that "dispute" as employed in Rule 408 includes "both litigation and less formal stages of a dispute"). "Rather, the party seeking protection of the rule must show that there is an actual dispute or difference of opinion between the parties regarding the validity or amount of the claim." *Cavi*, 2018 WL 3387474, at *1 (citing *Onal v. PB Amoco Corp.*, 134 F. App'x 515, 518 (3d Cir. 2005)).

Here, Plaintiff clearly intends to introduce core settlement discussions into evidence. Take PX 65, which is a September 23, 2020 email between the parties' counsel (Philip O'Beirne of Stein Mitchell, for Defendant, and Stephen Robinson, formerly of McGuire Woods, for Plaintiff).[1] The subject line is "***Settlement Discussions***" and the email discusses a resolution of the parties' disputes as well as transmitting documents in connection with that resolution. Tellingly, in the version Plaintiff produced and seeks to use as an exhibit, he redacted the subject line as well

---

[1] This email also refers to a separate dispute between the parties, which resulted in a separate arbitration and lawsuit. Those matters should be excluded from evidence as irrelevant and unduly prejudicial under Rule 401 and 403. *See infra* Section II.

portions of the email, in effect picking and choosing the portions of the settlement communication that he finds favorable. Plaintiff undoubtedly seeks to introduce this email—which he attached to his complaint—to argue that Defendant's statements over time regarding which document effectuated Plaintiff's removal from Defendant's Board of Managers have changed. But that is exactly the use of settlement communications Rule 408 prohibits: "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction…." Fed. R. Evid. 408(a). "**Federal Rule of Evidence 408(a) expressly prohibits the use of evidence of settlement negotiations for impeachment purposes**." *AgroFresh Inc. v. Essentiv LLC*, No. CV 16-662-MN-SRF, 2018 WL 9578196, at *3 (D. Del. Dec. 11, 2018) (emphasis added).

PX 64, a letter from Mr. Robinson to Defendant's counsel at another firm, Kirkland & Ellis, similarly is an off-limits settlement communication.[2] Putting aside that the great majority of this letter concerns a separate dispute that is irrelevant and confusing (as explained below), this letter, as well as the prior communications that it attaches as exhibits, plainly involve settlement communication under Rule 408, as it expressly makes a settlement "demand" on behalf of Plaintiff and purports to be made to "resolve [Plaintiff's] claims." *See* PX 64 p. 1, 5. Plaintiff may try to argue that this letter and its attachments further show that Defendant and its former owner treated Plaintiff unfairly. Of course, Defendant could just as easily point to this letter as demonstrating Plaintiff's unreasonableness and opportunism. Rule 408 precludes either of these uses. Although these communications are not close calls, as the Third Circuit has explained, "when in doubt, the district court should err on the side of excluding compromise negotiations." *ECEM European Chem. Mktg. B.V. v. Purolite Co.*, 451 F. App'x 73, 77 (3d Cir. 2011).

---

[2] Defendant inadvertently included this letter on its exhibit list, but will not seek to introduce it into evidence.

## II. The Court Should Exclude Evidence and Argument Concerning Other Litigation.

As discussed above, several of Plaintiff's exhibits expressly refer or relate to other litigations. In connection with other disputes relating to Plaintiff's former role as an advisor to Defendant's former owner, Linden, Linden commenced an arbitration against Plaintiff, since terminated, and Plaintiff filed a lawsuit against Linden in the federal District Court of South Carolina, which is still pending. These matters concern different contracts, allegations, and entities. They are not relevant to the present dispute, and if introduced into evidence will pose a serious risk of confusing the jury and prejudicing Defendant. The Third Circuit has observed that "[e]vidence relating to previous litigation involving the parties … [is a] likely subject[] of exclusion." *Blancha v. Raymark Indus.*, 972 F.2d 507, 516 (3d Cir. 1992) (citing Jack B. Weinstein and Margaret A. Berger, *Weinstein's Evidence* ¶ 403 [04] (1988)). This is for good reason. Evidence of other lawsuits against the defendant in the run of cases will be irrelevant, and whatever minimal probative value is substantially outweighed by the danger of unfair prejudice. *Hyman v. Cap. One Auto Fin.*, No. CV 3:17-89, 2019 WL 254079, at *3 (W.D. Pa. Jan. 17, 2019) (excluding such evidence under Rule 403); *Orexo AB v. Actavis Elizabeth LLC*, 424 F. Supp. 3d 371 (D. Del. 2019) (same). And what is more, introducing the prior suits against the defendant may be intended to show the defendant's purported propensity to engage in the challenged acts—precisely the purpose that Rule 404(b) forbids: "**(1) Prohibited Uses.** Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). *See also Hyman*, 2019 WL 254079, at *3 (excluding prior similar suits against the defendant as impermissible propensity evidence).

"The danger of allowing evidence of other lawsuits is obvious—a jury might be tempted into punishing a defendant for behavior for which it is not on trial." *Gillis v. Murphy-Brown, LLC*,

2018 WL 5831994, at *2 (E.D.N.C. Nov. 7, 2018). *See also Bd. of Trs. AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*, 860 F. Supp. 2d 251, 254–55 (S.D.N.Y. 2012) (excluding "evidence of the existence of similar lawsuits" and noting that "courts generally exclude evidence of other related lawsuits"); *Realtek Semiconductor Corp. v. LSI Corp.*, 2014 WL 46997, at *7 (N.D. Cal. Jan. 6, 2014) (evidence of other similar lawsuits excluded as "irrelevant to the issues in the present case").

In sum, the case law is clear: mentioning other litigation carries an inherently high risk of prejudice to the defendant. *See Hyman*, 2019 WL 254079, at *3; *see also In re Homestore.com, Inc.*, 2011 WL 291176, at *1 (C.D. Cal. Jan. 25, 2011) ("reference to or evidence of [party's] involvement in other litigation prior to this Action is also irrelevant and carries with it a high risk of prejudice"); *In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Litig.*, 2019 WL 7185548, at *3 (C.D. Cal. Dec. 9, 2019) (excluding evidence of other lawsuit as "highly likely" to "invit[e] the jury to speculate and base its decision on improper considerations"). The evidence of other proceedings therefore should be excluded under Rules 403 and 404(b).

## CONCLUSION

For the reasons set forth above, the Court should grant Defendant's Motion *in Limine* No. 3, and exclude all evidence and argument concerning the parties' settlement communications and other litigations.

Dated: March 1, 2023

/s/ Katharine L. Mowery
Susan Hannigan Cohen (#5342)
Katharine L. Mowery (#5629)
John M. O'Toole ($6448)
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801
(302) 651-7700
Hannigan@rlf.com

5

        Mowery@rlf.com
        OToole@rlf.com

        OF COUNSEL:

        Jonathan E. Missner
        Robert B. Gilmore
        Philip J. O'Beirne
        Kevin L. Attridge
        Samantha P. Christensen
        Stein Mitchell Beato & Missner, LLP
        901 15th Street NW, Suite 700
        Washington, DC 20005
        (202) 737-7777
        jmissner@steinmitchell.com
        rgilmore@steinmitchell.com
        pobeirne@steinmitchell.com
        kattridge@steinmitchell.com
        schristensen@steinmitchell.com

        *Attorneys for Defendant ProPharma Group Topco, LLC*