## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PATRICK K. DONNELLY<br><br>*Plaintiff,*<br><br>v.<br><br>PROPHARMA GROUP TOPCO, LLC<br><br>*Defendant.* | C.A. No. 21-894-MAK |

## DEFENDANT PROPHARMA GROUP TOPCO, LLC'S MOTION FOR ATTORNEYS' FEES AND COSTS AGAINST PLAINTIFF'S COUNSEL PURSUANT TO 28 U.S.C. § 1927

## INTRODUCTION

Donnelly's attorneys at McGuireWoods should have known better than to continue prosecuting his baseless claims. The litigation misconduct detailed in ProPharma's separately filed motion and supporting brief fully supports charging McGuireWoods with ProPharma's fees and costs pursuant to 28 U.S.C. § 1927. ProPharma incorporates by reference the evidence and arguments in the concurrently-filed brief. ProPharma sets forth below the arguments and authorities under § 1927 that warrant imposing fees and costs against McGuireWoods, because of the unreasonable and vexatious manner in which McGuireWoods litigated this case.

## LEGAL STANDARD

Under 28 U.S.C. § 1927, "when an attorney 'multiplies the proceedings in any case unreasonably and vexatiously,' he or she 'may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.'"[1] The Third Circuit has interpreted § 1927 to permit fee awards against counsel where "an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct."[2] "Under § 1927, even if a lawsuit was initially filed in good faith, sanctions may be imposed on an attorney for all costs and fees incurred after the continuation of the suit which is deemed to be in bad faith."[3]

---

[1] *Xcoal Energy & Res. v. Bluestone Energy Sales Corp.*, 2021 WL 4319224, at *1 (D. Del. Sept. 23, 2021), *aff'd*, No. 21-2926, 2022 WL 2870153 (3d Cir. July 21, 2022) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)).
[2] *In re Prudential Ins. Co. Am. Sales Practice Litig.*, 278 F.3d 175, 188 (3d Cir.2002).
[3] *Boykin v. Bloomsburg Univ. of Pa.*, 905 F.Supp. 1335, 1347 (M.D.Pa.1995); *see also Murphy v. Hous. Auth. And Urb. Redevelopment Agency of City of Atl. City*, 51 F. App'x 82, 83 (3d Cir. 2002) (affirming fee award based on district court's finding of bad faith, which was premised largely on attorney's "pursuit of baseless claims, the frivolous nature of which he should have been aware by, at the latest, the Defendants' filing of their motion for summary judgment").

## ARGUMENT

**PROPHARMA SHOULD BE AWARDED FEES AND COSTS AGAINST MCGUIREWOODS PURSUANT TO 28 U.S.C. § 1927.**

The grounds for awarding attorneys' fees against Donnelly for his bad faith litigation (detailed in ProPharma's companion briefing) apply equally to his attorneys.

As explained in ProPharma's main brief, there was ample evidence available to McGuireWoods even before the litigation that the claims were meritless. McGuireWoods' "failure to engage in [a] reasonable inquiry to ensure their accusations had a basis in fact indicates that they engaged in objectively unreasonable conduct such that sanctions under Section 1927 were warranted."[4] Setting aside that the law only obligates that they at least "should have known" whether the claims lacked merit, McGuireWoods knew that the claims were baseless because Stein Mitchell sent the December and Rule 11 Letters that detailed many of the facts that the trial highlighted and hinged upon.[5] And McGuireWoods was presented with the case-killing evidence—the June 2019 Board Removal Document, Donnelly's emailed admission that he was no longer on the Board, and his own statement in his resume that his Board service ended in 2019—in the midst of discovery, long before summary judgment briefing, pre- and post-trial motions practice, and trial itself.

When they received the information from ProPharma, as well as the results of discovery, showing that their client's claims were meritless, McGuireWoods had an obligation to investigate

---

[4] *In re Prosser*, 777 F.3d 154, 163 (3d Cir. 2015).
[5] O'Beirne Decl. ¶ 7; Decl. Ex. A-5. The letter detailed that (1) Donnelly stopped attending Board meetings and had no evidence suggesting he believed he was on the Board after August 2019; (2) Donnelly discussed his removal with other Board members, Tony Davis and Michael Farah, in August 2019; (3) Donnelly and the board members discussed his potential conflicts of interest; and (4) Donnelly's written communications with the opposing counsel show that Donnelly knew he was removed from the Board in August 2019.

and convince Donnelly to abandon the claims and withdraw them promptly.[6] McGuireWoods clearly failed this requirement. McGuireWoods should have insisted Donnelly dismiss his claims, or should have withdrawn at that time because "[w]hen it becomes apparent that discoverable evidence will not bear out the claim, the litigant and his attorney have a duty to discontinue their quest."[7] Instead, McGuireWoods multiplied the proceedings by switching to new last-ditch alternative arguments at trial (that all of the Linden Investors' affiliates needed to have signed, that Section 5.3 of the LLC Agreement required board approval). Those arguments were a procedurally improper attempt at trial-by-ambush, and on their merits were as baseless as the original arguments. Such conduct is worse than in the cases where attorneys were sanctioned under Section 1927 for their "cavalier disregard for the undisputed facts of this case and the applicable law."[8] Therefore, an award of fees under Section 1927 is warranted because McGuireWoods "maintained a meritless claim after receiving notice that it was without foundation."[9]

In sum, the "totality of the campaign [McGuireWoods] waged during the course of this litigation" warrants fee and cost shifting.[10] For their client, as describd in the companion brief filed concurrently herewith, McGuireWoods pursued baseless claims,[11] filed meritless motions,[12]

---

[6] *See Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.*, 2008 WL 906739, *13 (M.D. Fla. Apr. 2, 2008) ("The bottom line is that [counsel] unreasonably and vexatiously delayed the inevitable defeat of these counterclaims far too long. Indeed, once the documents from American Honda were received, a reasonable attorney would have investigated the claims, convinced their clients to abandon the claims and would have withdrawn the claims promptly.").
[7] *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991).
[8] *Murphy v. Hous. Auth. and Urban Redevelopment Agency of City of Atl. City*, 158 F. Supp. 2d 438, 450 (D.N.J. 2001), *aff'd*, 51 Fed.Appx. 82 (3d Cir. 2002).
[9] *Albert v. Edward J. DeBartolo Corp.*, 999 F.2d 539 (6th Cir. 1993)
[10] *In re Prudential*, 278 F.3d at 189-91.
[11] *Albert*, 999 F.2d 539.
[12] *In re Elonex Phase II Power Mgmt. Litig.*, 279 F.Supp.2d 521, 525 (D. Del. 2003) (awarding attorneys' fees to party opposing "facially meritless Rule 60(b) motion").

3

engaged in discovery misconduct, routinely raised frivolous contentions,[13] switched arguments at trial and engaged in discovery misconduct.[14] All of these actions independently and collectively "multiplied the proceedings, in an unreasonable manner, increasing costs, by intentional misconduct."[15]

## CONCLUSION

For these reasons, as well as for the reasons set forth in ProPharma's companion motion and supporting brief, ProPharma respectfully requests that the Court find McGuireWoods liable for the full amount of fees and costs ProPharma incurred in this matter, pursuant to Section 1927.

Dated: July 7, 2023

| OF COUNSEL: | CHRISTENSEN & DOUGHERTY LLP |
|---|---|
| Jonathan E. Missner<br>Robert B. Gilmore<br>Philip J. O'Beirne<br>Kevin L. Attridge<br>Samantha P. Christensen<br>STEIN MITCHELL BEATO & MISSNER, LLP<br>901 15th Street NW, Suite 700<br>Washington, DC 20005<br>(202) 737-7777 – Telephone<br>jmissner@steinmitchell.com<br>rgilmore@steinmitchell.com<br>pobeirne@steinmitchell.com<br>kattridge@steinmitchell.com<br>schristensen@steinmitchell.com | /s/ Joseph L. Christensen<br><br>Joseph L. Christensen (#5146)<br>1000 N. West Street, Suite 1200<br>Wilmington, Delaware 19801<br>(302) 212-4330 – Telephone<br>joe@christensendougherty.com<br><br><br><br>*Attorneys for Defendant ProPharma Group Topco, LLC* |

---

[13] *In re Walker*, 532 F.3d 1304, 1309 (11th Cir. 2008) ("A finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument[.]").

[14] *American Honda Motor Co., Inc. v. Motorcycle Information Network, Inc.*, No. 5:04-cv-12-OC-10GRJ, 2008 WL 906739, at * 13 (M.D. Fla. Apr. 2, 2008) ("[M]ultiplication of proceedings includes, but is not limited to, abuse of discovery tactics, reassertion of meritless claims, and any other conduct that results in lengthening the proceedings.").

[15] *W.L. Gore & Assocs., Inc. v. C.R. Bard, Inc.*, 231 F. Supp. 3d 19, 23 (D. Del. 2017) W.L. Gore & Assocs., Inc. v. C.R. Bard, Inc., 231 F. Supp. 3d 19, 21 (D. Del. 2017) (awarding fees pursuant to the court's inherent authority and § 1927).