IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PATRICK K. DONNELLY<br><br>*Plaintiff,*<br><br>v.<br><br>PROPHARMA GROUP TOPCO, LLC<br><br>*Defendant*. | C.A. No. 21-894-MAK |

**DEFENDANT PROPHARMA GROUP TOPCO, LLC'S REPLY IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES AND COSTS AGAINST PLAINTIFF'S COUNSEL
PURSUANT TO 28 U.S.C. § 1927**

## INTRODUCTION

"Case law is clear that where an attorney, for an improper purpose, disregards applicable law and pushes a claim in the absence of supporting facts, bad faith is evident and sanctions are appropriate under 28 U.S.C. § 1927."[1] Try as they might, Donnelly and McGuireWoods fail to rebut that this is the result warranted here. The Court should accordingly sanction McGuireWoods[2] by requiring the firm to pay ProPharma's attorneys' fees and costs.

## ARGUMENT

As a threshold matter, the Court can easily reject Donnelly's assertion that "ProPharma has not even attempted to identify an improper purpose or motive on Donnelly's or McGuireWoods' part."[3] Donnelly ignores both ProPharma's detailed explanation that this lawsuit marks the second time Donnelly and McGuireWoods have targeted Linden Capital Partners with baseless claims in federal court ***and*** the sworn testimony of Mr. Davis recounting Donnelly's boast that "5 percent of the time you can convince a jury of anything."[4] Indeed, threatening to sue, and then filing baseless claims regardless of the lack of evidence, is the essence of an improper purpose.[5]

McGuireWoods devotes most of its argument contesting that its conduct measures down to the egregious behavior exhibited by sanctioned parties amongst the Third Circuit cases cited by

---

[1] *Alphonso v. Pitney Bowes, Inc.*, 356 F. Supp. 2d 442, 454 (D.N.J. 2005) (citing *In re Prudential Ins. Co. Am. Sales Practice Litig. Actions*, 278 F.3d 175, 188 (3d Cir.2002)).
[2] As discussed in its Opening Brief in Support of its Motion for Fees and Costs, D.I. 271, the grounds for awarding attorneys' fees against Donnelly for his bad faith litigation (detailed in ProPharma's companion briefing) apply equally to his attorneys.
[3] Op. Mem. at 13.
[4] *See* D.I. 271 at 17.
[5] Notably, "[t]he Court does not expect clairvoyance from counsel." *Alphonso*, 356 F. Supp. 2d at 454 (holding that the "relentless pursuit" of a claim in the face of irrefutable evidence demonstrates bad faith).

1

ProPharma.[6] As a threshold matter, Donnelly tellingly ignores *Wise v. Washington Cnty.*, where the court granted sanctions to reimburse attorneys' fees, costs, and expenses incurred because of plaintiff counsel's decision to maintain two meritless claims, specifically concluding that the plaintiff's "claim was maintained in bad faith once [the attorney] recognized that he could not prove same."[7]

But Donnelly's treatment of the other Third Circuit cases cited by ProPharma's cases is misleading and unreliable. In *Alphonso v. Pitney Bowes, Inc.*, for instance, the Court "agree[d] in full" that defendant should be reimbursed for defending against an artificially inflated damages figure.[8] Similarly, here Donnelly refused to drop his inflated damages demand even after acknowledging the plain language of the Management Incentive Equity Unit Agreement (that he was only entitled to payments for his performance equity if he continuously provided services to the company, which he admittedly did not). The *Alphonso* counsel also was sanctioned under Section 1927 for continuing an emotional distress claim when the court found that counsel "knew, or should have known" its claim was baseless upon receiving irrefutable evidence.[9] A sanction is warranted here on similar grounds based on Donnelly and McGuireWoods' receipt of the June Removal Document and its metadata, which contained all of the elements Donnelly previously claimed would establish a valid removal document.[10] McGuireWoods' conduct falls squarely within the scope of sanctionable conduct set by courts in this Circuit[11] under Section 1927.

---

[6] Op. Mem. at 14-15.
[7] No. CIV.A. 10-1677, 2015 WL 1757730, at *37 (W.D. Pa. Apr. 17, 2015).
[8] 356 F. Supp. 2d 442, 453 (D.N.J. 2005).
[9] *Id.* at 455.
[10] D.I. 61, Am. Compl. ¶¶ 112-117 (alleging that "Linden Investors" are ultimately defined as "ProPharma Group Buyer, LLC" and "ProPharma Group Splitter, LP").
[11] Donnelly does not even attempt to justify his conduct in comparison to the sanctionable conduct ProPharma cited from non-Third Circuit cases. *See Shackelford v. Courtesy Ford, Inc.*, 96 F. Supp.

2

Finally, McGuireWoods cites Donnelly's defense against ProPharma's request for an exercise of inherent powers and argues that Donnelly's ability to survive summary judgment excuses any bad faith.[12] But as explained in ProPharma's accompanying reply brief, this argument would permit the Court to ignore Donnelly and McGuire's conduct at trial—conduct that confirmed Donnelly and McGuire proceeded in bad faith on claims without merit.[13] The bottom line is that filing and continuing to prosecute claims without any factual basis "constitutes bad faith and is the quintessential type of conduct § 1927 is designed to deter."[14]

## CONCLUSION

ProPharma respectfully requests that the Court find McGuireWoods liable for the full amount of fees and costs ProPharma incurred in this matter, pursuant to Section 1927.

---

2d 1140, 1145 (D. Colo. 2000); *Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991); *Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.*; *Albert v. Edward J. DeBartolo Corp.*, 999 F.2d 539 (6th Cir. 1993).

[12] Op. Mem. at 15.

[13] *Alphonso*, 356 F. Supp. 2d 442 (D.N.J. 2005). *See also D&D Assocs., Inc. v. Bd. of Educ. of N. Plainfield*, No. CV 03-1026 (MLC), 2015 WL 8582984, at *47 (D.N.J. Dec. 10, 2015), *order clarified*, No. CV 03-1026 (MLC), 2016 WL 10571900 (D.N.J. Apr. 29, 2016) (awarding sanctions under Section 1927 after rejecting non-movant's attempt to "support[] the validity of its claims on the ground that it 'made a sufficient showing to withstand two prior summary judgment motions and bring the case to the pretrial stage.'"); *Wise*, 2015 WL 1757730, at *14 (rejecting non-movant's argument "that the [Section 1927] motion does not show clear and convincing evidence of his bad faith, because Wise's claims against King and Washington County were submitted to the jury[.]")

[14] *Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.*, 2008 WL 906739, *13 (M.D. Fla. Apr. 2, 2008).

3

Dated: August 25, 2023

| | |
|---|---|
| OF COUNSEL: | CHRISTENSEN & DOUGHERTY LLP |
| Jonathan E. Missner<br>Robert B. Gilmore<br>Philip J. O'Beirne<br>Kevin L. Attridge<br>Samantha P. Christensen<br>STEIN MITCHELL BEATO & MISSNER, LLP<br>901 15th Street NW, Suite 700<br>Washington, DC 20005<br>(202) 737-7777 – Telephone<br>jmissner@steinmitchell.com<br>rgilmore@steinmitchell.com<br>pobeirne@steinmitchell.com<br>kattridge@steinmitchell.com<br>schristensen@steinmitchell.com | */s/ Joseph L. Christensen*<br><br>Joseph L. Christensen (#5146)<br>1000 N. West Street, Suite 1200<br>Wilmington, Delaware 19801<br>(302) 212-4330 – Telephone<br>joe@christensendougherty.com<br><br><br>*Attorneys for Defendant ProPharma Group Topco, LLC* |